## GEORGE LAUTENSCHLAGER *vs.* JOHN C. HUNTER.

### November 13, 1875.

**Action for Value of Services—Effect of General Denial.**—In an action to recover the value of work and material, the defendant cannot avail himself of an express contract that the rate of compensation shall be submitted to the arbitrament of a third person, and that from his decision there shall be no appeal, without pleading it. The contract cannot be proved under a general denial of the allegations in the complaint.

**Same—Proof by Plaintiff of a Special Contract not Pleaded by Defendant.**—And such contract is not, for the purposes of the trial under a general denial merely, established by any evidence which the plaintiff necessarily introduces for the purpose of proving his case, although such evidence might be sufficient to prove the contract had it been pleaded.

**Witness—Preliminary Examination by Opposite Party.**—When a witness is called to testify to any fact, the opposite party may first interrogate him for the purpose of showing that the testimony offered is incompetent, but not to show matter in avoidance of the fact.

Appeal by defendant from an order of the district court for St. Louis county, *Crosby*, J., presiding, (sitting for the

judge of the seventh district,) refusing a new trial after a trial before a referee.

*H. N. Setzer*, for appellant.

*J. D. Ensign*, for respondent.

GILFILLAN, C. J.    This is an action to recover a balance due on a building contract, and also to recover for extra labor and materials on the building beyond that called for in the original contract.    As to the extra labor and materials, the complaint alleges that they were extra, that defendant requested plaintiff to furnish and perform them, and promised to pay what the same should be reasonably worth, and the value of them.    The answer as to the extra labor and material, so far as it affects the questions raised here, was a general denial, except as to $300.00 in amount.    The building contract was in writing, and provided for the doing of the work in accordance with plans and specifications referred to in it, and also in writing.    To the instrument containing the plans and specifications were appended several stipulations, one of which provided, in effect, that the charge for extra work and material, made necessary by any alteration in the building, should be adjusted by the architect, and that his decision should be final.

On the trial the plaintiff offered the original contract and plans and specifications "for the sole purpose of showing what was extra work," and they were admitted for that purpose only.    The defendant claims that the evidence could not be received with a limitation of its effect to a particular issue or fact, but that, being admitted, it was in evidence generally, and established all the facts which it was competent to prove, and that, consequently, it showed a contract that the rate of compensation for the extra work should be determined by the architect, from whose decision there could be no appeal.

If it be true that the contract, plans and specifications were evidence generally in the case, still they were not evi-

dence of any fact not within the issues made by the pleadings. Under a denial the defendant may, of course, introduce any evidence which will disprove the facts upon which plaintiff relies to recover, and which are thus denied. But under such an issue no evidence of new matter can be offered to avoid the legal effect or operation of such facts.

In this case the facts which it was necessary for plaintiff to prove, in order to recover for the extra work, were: that such work was extra; that defendant requested plaintiff to do it; and the value and non-payment. Upon these facts the obligation to pay the value arises by implication of law. If the defendant claims that by reason of an express contract, or of any matter which does not tend to negative the existence of these facts, the implication to pay the value does not arise, he must set up such contract or matter in his answer, and, unless pleaded, such contract or matter is not within the issues, and is not established, for the purposes of the trial, by any evidence which it may be necessary for plaintiff to introduce, in order to prove the facts upon which he relies to recover. Proof of the stipulation to submit the matter to the arbitrament of the architect would not tend to disprove any of the facts which, under the pleadings, plaintiff must prove in order to recover, and for that reason the denial made no issue under which that stipulation could be proved. This being so, the contract, plans and specifications, even if in as evidence generally, did not establish the stipulation, and there was no basis for defendant's objection to the testimony offered by plaintiff of the value of the extra work, nor for defendant's motion to dismiss, nor for his motion to strike out plaintiff's evidence as to extra work, for they all assume that there was proved a contract to submit the matter of compensation for extra work to the arbitrament of the architect.

The plaintiff, when testifying for himself, was asked by his counsel to state the value of the extra work, and, before

he stated such value, the defendant asked him: " State if you have entered with the defendant into any written or printed agreement, signed by you and the defendant mutually, in relation to any or all alterations which might be made in the plans or specifications of the building under consideration, and referring to the rate of compensation to be paid therefor, and the manner by which the amount of such compensation is to be ascertained ?" This was objected to by plaintiff on the ground, among others, that it was out of time, and was excluded.

When a witness is called to testify to any fact, the opposite party may, before he has testified, interrogate him, in order to show that the evidence offered is incompetent, and to exclude it on that ground. But the orderly conduct of trials will not admit of a party interposing in that manner for the purpose of showing that he has a defence to the facts which the witness is offered to prove. The plaintiff must first, by competent evidence, prove the material facts alleged in his complaint as his cause of action; the defendant then produces his evidence to disprove such facts, and to prove such other facts as he has alleged by way of defence. The question which the defendant interposed had no tendency to show that the testimony of value offered was incompetent. At most, the answer could only show that there was a contract which would preclude a recovery of the value of the extra work—that is, that there was a defence to an action to recover the value. It was, therefore, improper.

The same question was repeated on the cross-examination, and was objected to as not proper cross-examination. The bill of exceptions does not show that the witness had testified to anything but the value, and the question certainly was not proper cross-examination as to value.

Order affirmed.