REGISTER PRINTING Co. *vs.* JOHN W. WILLIS *et al.*

Submitted on briefs April 16, 1894. Affirmed April 20, 1894.

No. 8584.

**Proof secundum allegata.**

In an action for work and labor upon a *quantum meruit* the defendant cannot, under a mere denial of the allegations of the complaint, avail himself of an express contract as to the price as a defense to the action.

Appeal by defendants, John W. Willis and George M. Nelson, from an order of the Municipal Court of the City of St. Paul, *H. W. Cory,* J., made August 9, 1893, denying their motion for a new trial.

The plaintiff, the Register Printing Company of Glencoe brought this action in the Municipal Court of St. Paul and for complaint alleged that on June 1, 1892, it was a corporation and at defendants' request furnished materials and printed for them seventeen copies of a paper book of 343 pages in *Stensgaard* v. *St. Paul Real Estate Title Ins. Co.* (50 Minn. 429,) that the work and material were reasonably worth $343, that only $75 had been paid thereon and demanded judgment for the balance. For answer defendants denied that the plaintiff was a corporation and denied that they owed plaintiff anything and then denied each and every other allegation in the complaint. A jury was waived. The plaintiff gave evidence tending to support the issues on its part. Defendants on cross examination of plaintiff's witness offered to show a special contract between plaintiff and George M. Nelson that plaintiff was to receive but fifty cents a page in case defendants did not succeed on the appeal and seventy five cents if they did. Plaintiff objected but was overruled and the evidence was received. Defendants then

moved the court to dismiss the action on the ground that the complaint is upon a *quantum meruit,* but the evidence shows that the work was done and material furnished under an express contract. The court denied the motion, made findings and ordered judgment for plaintiff for $98. Defendants moved for a new trial. Being denied they appeal.

*Thos. C. Fitzpatrick* and *Thos. J. McDermott,* for appellants.

The burden was on the plaintiff to prove its cause of action as alleged in the complaint. A different and distinct cause of action could not be properly litigated. The complaint was for the reasonable value of such work, the proofs showed an express contract to furnish a specified number of books for an agreed price. The court erred in refusing defendants' motion to dismiss. *Schroeder* v. *Capehart,* 49 Minn. 525; *Benedict* v. *Bray,* 2 Cal. 251; *Eilert* v. *Oshkosh,* 14 Wis. 586; *Lamke* v. *Daegling,* 52 Wis. 498; *Harris* v. *Rayner,* 8 Pick. 541; *Stratton* v. *Hill,* 134 Mass. 27; *Cunningham* v. *Hobart,* 7 Gray, 423; *Upton* v. *Winchester,* 106 Mass. 330; *Looney* v. *Looney,* 116 Mass. 283; *Hart* v. *Tyler,* 15 Pick. 171; *Fitzgerald* v. *Jordan,* 93 Mass. 128; *Wernli* v. *Collins,* 87 Ia. 548; *Southwick* v. *First Nat. Bank,* 84 N. Y. 420.

The rule of law as to variance between the pleadings and proof is well settled in our own courts. *Helfer* v. *Alden,* 3 Minn. 332; *Ward* v. *Haws,* 5 Minn. 440; *Cummings* v. *Long,* 25 Minn. 337; *Cowles* v. *Warner,* 22 Minn. 449; *Desnoyer* v. *L'Hereux,* 1 Minn. 17; *Dennis* v. *Spencer,* 45 Minn. 250.

There is a total failure of proof of plaintiff's case as alleged and the court erred in finding the allegations of the complaint true. *Cremer* v. *Miller,* 56 Minn. 52.

*C. R. Woods,* for respondent.

There was proof sufficient to sustain the complaint on a *quantum meruit.* The damages given are within the proof as to value. The court erred in receiving evidence of a special contract as no such contract was alleged. That evidence should be disregarded on this appeal. It is not properly in the case. It was objected to and it does not support any defense stated in the answer. That

evidence being out of the case the order should be affirmed. The plaintiff did not recover upon the special contract. The defendants' authorities are good law. They show that the answer is insufficient to support the defense relied on, and plaintiff adopts them as its brief in this case. The acts of Nelson, one of the partners of the firm, made or done with reference to the firm's business, are sufficient to bind the firm. *Slipp* v. *Hartley,* 50 Minn. 118; *National Bank of Commerce* v. *Meader,* 40 Minn. 325.

MITCHELL, J. This was an action to recover for labor and services alleged to have been performed by plaintiff for defendants at their instance and request, and to be of the reasonable value of $345, of which only $75 had been paid. The answer was, in effect, a general denial.

The evidence was sufficient to justify a finding that the services sued for were performed for defendants as alleged. The evidence was undisputed that such services consisted of printing a "paper book" of 345 pages, and were reasonably worth $1 per page, or $345; but it also appeared on cross-examination of plaintiff's witnesses that the work was done under an express contract that plaintiff was to receive seventy five cents per page if defendants won the suit, but only fifty cents per page if they lost it. It does not appear whether the suit was lost or won, but, assuming that it was lost, the contract price would be $172.50, leaving a balance due plaintiff of $97.50. The court found that the services were reasonably worth $173, and ordered judgment in plaintiff's favor for $98.

Disregarding the trifling discrepancy of fifty cents it will be observed that the amount of the recovery was the amount due plaintiff on the special contract, and much less than the reasonable value of the services. The defense that the work was done under an express contract as to price was not open to defendants under the general denial. That was a matter which should have been set up in the answer. Under a general denial the defendant may prove anything which tends to disprove the facts upon which the plaintiff relies to recover. That there was an express contract as to price would not tend to disprove any of the allegations of the complaint. *Lautenschlager* v. *Hunter,* 22 Minn. 267.

Defendants, by their answer, elected to rest their defense upon

an issue as to the reasonable value of the services, and must abide by it. Whether plaintiff was a corporation or a mere copartnership was not material.

Order affirmed.

(Opinion published 58 N. W. 825.)

