WILLIAM E. ISELIN and Others v. SIGMUND SIMON and Another.[1]

July 31, 1895.

Nos. 9376–9377—(247–248.)

**Sale—Action for Price—Credit—New Matter.**
> The complaint alleged that the plaintiffs, at the request of the defendants, sold and delivered to them goods of the reasonable value of $2,232, which sum they agreed to pay therefor, and have not. The answer was a general denial. *Held*, that the defense that the goods were sold on credit, the term whereof had not expired when the action was commenced, was new matter, which should have been specially pleaded.

**Premature Action—Motion to Dismiss Garnishment.**
> After the trial of the main action, and findings by the court, and order for judgment in favor of the plaintiffs, the defendants and intervenor moved the court to dismiss the garnishee proceedings herein because the action was prematurely brought. *Held*, that their motions were properly denied.

Action in the district court for St. Louis county by William E. Iselin and others against Sigmund Simon and another, defendants, and Duluth Dry Goods Company, garnishee. Charles Scheuer intervened as claimant. The action was tried before Lewis, J., who found in favor of plaintiffs. Three separate appeals were taken, as follows: (1) By defendants, from an order denying their motion for a new trial; (2) by defendants, from an order denying their motion to dismiss the writ of garnishment and the service thereof; (3) by the intervenor, from an order denying his motion to dismiss the writ of garnishment and the service thereof. All affirmed.

*Draper, Davis & Hollister*, for appellants.
*Smith, McMahon & Mitchell*, for respondents.

START, C. J. On October 2, 1893, the plaintiffs made and filed in the office of the clerk of the district court in and for the county of St. Louis their complaint in this action, the here material allegations of which are substantially as follows: That between March 21, and August 1, 1893, the plaintiffs, at the request of the defend-

[1] Reported in 64 N. W. 143.

ants, sold and delivered to them certain merchandise, of the reasonable value of $2,232, which sum they promised to pay therefor, but have not paid any part thereof, although payment has been duly demanded. On the same day the summons was issued, but not filed until October 24. The plaintiffs' attorney made and filed an affidavit for garnishment, and a garnishee summons was issued and served on the garnishee herein on October 2, returnable October 25. Upon the disclosure of the garnishee it appeared that Charles Scheuer, the claimant or intervenor herein, claimed to be the owner of the fund or money in the hands of the garnishee, and he was by order of the court directed to appear and assert his rights in the premises, if any he had. He so appeared, answered, and claimed the fund. October 24 the sheriff returned the summons non est, and it was on that day filed with the clerk of the court, with an affidavit for publication, and the publication of the summons was commenced October 26 and continued until December 4, when the defendants appeared and answered. So far as here material the answer is in these words: "Defendants deny each and every allegation" in said complaint contained.

The action was tried by the court without a jury, and on August 1, 1894, findings of fact and conclusions of law were filed, wherein the court found the allegations of the complaint to which we have referred true. It also further found as follows: "(3) That all of said goods were sold on a credit of 30 days from October 31, 1893," and, as a conclusion of law, that the plaintiffs were entitled to judgment for the amount claimed, and judgment was so ordered.

The plaintiffs never consented to litigate the issue as to whether or not the action had been prematurely brought, or to any change of the issues as made by the pleadings, and all evidence tending to show that the goods were sold on a credit was duly objected to by them, and exception taken, and the reception of such evidence, and the making by the court of its third finding of fact, and all evidence in support of it, were received and made against the timely objection and exception of the plaintiffs.

A motion to vacate the decision of the court and for a new trial was made by the defendants September 15, 1894, and denied, and on the same day they moved the court to dismiss the garnishee summons and vacate all proceedings thereunder, for the reason, among

others, that this action was prematurely brought, which was denied. The intervenor at the same time made a like motion to dismiss the garnishee proceedings, which was also denied. From each of the three orders so made the parties respectively prosecute separate appeals. A decision of the defendants' appeal from the order denying their motion for a new trial will be decisive of the other appeals.

The defendants' main contention is that the goods, for the recovery of the purchase price of which this action was brought, were sold on a credit of 30 days from October 31, 1893, and hence the action was prematurely brought, and that it must abate. The plaintiffs claim: (1) That the action was not prematurely brought; (2) that it is immaterial whether it was or not, because the question is not raised by the answer.

Our conclusion as to the second of these propositions is decisive of the case, and renders any discussion of the first one unnecessary, further than to say that, if the goods in question were in fact sold on credit the term of which had not expired when the complaint was filed and summons issued, this action was in fact prematurely brought. While it is true that only from the time of the service of summons or a voluntary appearance in a civil action does the court acquire jurisdiction of the defendant, yet, for the purpose of determining whether the action is prematurely brought, the issuing of the complaint and summons must be deemed the commencement of the action in cases where a provisional remedy is obtained; otherwise, we should have the anomalous practice of framing complaints upon causes of action not due, issuing summonses thereon requiring the defendants to answer them, issuing writs of attachment and garnishee process whereby the defendants' property may be seized or impounded, issuing temporary injunctions, or granting other provisional remedies, all without any action having been commenced, and before any cause of action accrues. No man's property or business credit would be safe under such a practice.

Is the defense that this action was prematurely brought admissible under the general denial? Anything that tends directly to controvert the material allegations of fact in the complaint may be shown under a general denial, but no evidence of new matter can be offered to avoid the legal effect or operation of such facts. A general denial goes to the facts alleged, and not to the liability arising

from those facts. Lautenschlager v. Hunter, 22 Minn. 267; Register Printing Co. v. Willis, 57 Minn. 93, 58 N. W. 825. The allegations of fact in this case which were in issue by the denial were the sale and delivery of the goods to the defendants, and their value. The denial was as to the fact of a sale and delivery, not as to the implication of law arising from such fact, viz. that they were legally liable to pay the value of the goods so sold on demand. If there was any special contract whereby credit was to be given for the purchase price, this was new matter, which must be pleaded specially; for proof of such fact has no tendency to controvert any of the facts alleged in the complaint to the effect that the goods were sold and delivered to the defendants. The new fact that they were sold on credit does not contradict the allegation that they were sold, for both may be true.

But the defendants say that the law implies, from the allegations of the complaint, that the purchase price of the goods was to be paid on demand, and that proof of a sale on credit directly tends to contradict the implication or conclusion of law that payment was to be made on demand. The difficulty with this argument is that a denial goes only to the facts alleged, and not to the conclusion of liability arising from those facts. If the facts are admitted, and there are other facts whereby the legal implication or conclusion arising from the admitted facts may be avoided, they constitute new matter, and must be pleaded. In such a case the answer must not be simply a general denial, but one in confession and avoidance. There was no issue in this case as to whether or not the goods were sold on credit. This conclusion is supported, not only by the rules of pleading, but it is a common-sense view of the question; for the defendants simply denied that they ever bought the goods, and by the denial the plaintiffs had a right to assume that the defense was that the defendants never bought the goods, and not an admission that they did purchase them but that credit was given. At common law and under the code system of pleading, the defense that the action is prematurely brought is a matter in abatement, and new matter, to be specially pleaded unless it appears on the face of the declaration or complaint; then it may be taken advantage of by demurrer, or, if it appears from the plaintiff's own evidence, by motion for a nonsuit. 1 Chit. Pl. 446, 453; Smith v. Holmes, 19 N. Y.

271; 1 Enc. Pl. & Prac. 22, 831; Dutcher v. Dutcher, 39 Wis. 651; Collette v. Weed, 68 Wis. 428, 32 N. W. 753; Hargan v. Burch, 8 Iowa, 309; Reed v. Inhabitants of Scituate, 7 Allen, 141.

The motions to dismiss the garnishee proceedings were properly denied, for, at the time they were made, the court in the main action had, after a trial on the merits, made its findings and ordered judgment for the plaintiffs for the amount claimed. The garnishee proceedings were ancillary to the main action, and a decision in the main action that the plaintiffs' claim is due and that they are entitled to a judgment is, until set aside, conclusive on a motion made to dismiss the garnishee proceedings on the ground that the action was prematurely brought. Whether or not in any case a motion to dismiss garnishee proceedings can be sustained on the ground that the plaintiffs' action was prematurely brought we need not and do not decide.

Our conclusion is that the trial court's third finding of fact, to the effect that the goods were sold on credit, is, under the pleadings, and in view of the objections and exceptions of the plaintiffs to a trial of such issue, wholly irrelevant, and ought to be struck out. But inasmuch as the trial court reached a correct conclusion, the finding may be disregarded, and the order denying a new trial must be affirmed; also the orders denying the defendants' and intervenor's motions to dismiss the garnishee proceedings.    So ordered.