## REISHUS–REMER LAND COMPANY v. FRANKLIN BENNER.[1]

### January 29, 1904.

### Nos. 13,763—(203).

**Pleading—General Denial.**

In an action to recover the reasonable value of plaintiff's services in procuring a purchaser for land held for sale by defendant, under a contract with him, it is *held* that the defense that the services were rendered under an express contract as to compensation was inadmissible under a general denial; the action being to recover upon quantum meruit, if defendant relied upon an express contract in respect to plaintiff's compensation, he should have pleaded it.

**Verdict.**

Certain rulings of the trial court *held* not erroneous, and the verdict is sustained by the evidence.

Appeal by defendant from an order of the district court tor Hennepin county, Simpson, J., denying a motion for a new trial, or for judgment in favor of defendant notwithstanding the verdict. Affirmed.

*S. R. Child,* for appellant.

*J. R. Donohue,* for respondent.

BROWN, J.

Action to recover a commission alleged to have been earned in procuring a purchaser for real estate owned by defendant, and which plaintiff was authorized to sell. Plaintiff had a verdict in the court below, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict, or for a new trial.

The action was brought to recover the reasonable value of plaintiff's services in procuring a purchaser for certain real estate owned by defendant, or held by him for sale, for which he had authorized plaintiff to procure a purchaser. The complaint alleges all facts essential to a good cause of action, and that the services rendered by plaintiff were reasonably worth the sum of $433, for which judgment was demanded. Defendant interposed in defense a general denial.

[1]Reported in 98 N. W. 186.

91 M.—26

The contract between the parties is disclosed by certain correspondence between them, from which it appears that defendant employed plaintiff, a corporation, to secure a purchaser for his land. In one letter, of date June 7, defendant expressly agreed that, if plaintiff found a purchaser of the land at $10 per acre, defendant would pay a commission of $2 per acre. The court below instructed the jury that the correspondence between the parties disclosed a general employment of plaintiff to secure a purchaser for the land, and that, if it had in fact succeeded, it was entitled to the reasonable value of its services. The point made by defendant against this instruction is that the letter just referred to showed an express contract, and that plaintiff's right to recover must be based thereon, and, as that contract was not carried out, it was not entitled to recover.

The instructions of the court in this respect were proper. Plaintiff having brought the action to recover the reasonable value of its services in procuring a purchaser, the defense that the services were performed under a special contract was inadmissible under defendant's answer—a general denial. If defendant intended to rely upon that defense, he should have pleaded it. It was held in the case of Lautenschlager v. Hunter, 22 Minn. 267—an action to recover the reasonable value of work and labor—that the defense that the labor was performed under an express contract as to price was not open to defendant on the trial under a general denial, but should have been pleaded. See also Register Printing Co. v. Willis, 57 Minn. 93, 58 N. W. 825; Iselin v. Simon, 62 Minn. 128, 64 N. W. 143.

The plaintiff found a purchaser for the land—at least, the evidence is such as to justify the jury in so finding—and defendant sold it to him at the price of $5.75 per acre, but refused to pay plaintiff for its services. The purchaser procured by plaintiff, when he called upon defendant for the purpose of ascertaining his best terms of sale, expressly informed him that plaintiff's representative had shown him the land. Under the decisions of this court, this notice to defendant was sufficient to bind and obligate him to pay plaintiff for the services rendered in procuring a purchaser. In the case of Henninger v. Burch, 90 Minn. 43, 95 N. W. 578, the evidence tended to show that the owner of the land had cause to believe that the party to whom he sold the premises was sent to him by the agent; and it was held sufficient to

require a submission of the case to the jury upon the question whether the agent was entitled to his commission. It is unimportant in the case at bar that plaintiff did not close the transaction and complete the sale. If it rendered any services in procuring a purchaser who was ready and able to make the purchase on terms fixed by defendant, a commission was earned, within the authorities. Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426. Nor is it material whether defendant was the owner of the land, or represented the owner, as agent for its sale. His contract with plaintiff was equally binding in either case.

The attempt of defendant to cancel and annul the authority of plaintiff was wholly ineffectual. The letter written and sent to plaintiff for that purpose was subsequent to the time plaintiff procured the purchaser to whom defendant sold the land, and when its commission was in part, at least, earned. The failure to protest against the attempted cancellation of the agency does not estop plaintiff from now asserting its rights. The question whether plaintiff was guilty of bad faith, and connived and colluded with the purchaser of the land to obtain a reduction of the price, was one of fact, and properly submitted to the jury by the trial court; and we discover no reason for disturbing the verdict of the jury on that subject.

We have considered all the appellant's assignments of error, and discover no reversible error in the record. All questions of fact presented by the pleadings and evidence were fairly submitted to the jury by the learned trial court, and their verdict in the premises is amply supported by the evidence.

Order affirmed.