## C. E. STANNARD v. NATIONAL LAND AGENCY.[1]

February 3, 1922.

No. 22,595.

**Broker—action for commission—defense of payment.**

1. The only issue raised by the pleadings was the defense of payment of the amount earned as a commission for negotiating the sale of 1,120 acres of land at $3.50 per acre under a written contract of employment.

**Refusal to submit question of compromise to jury.**

2. Since both the written contract of employment and the number of acres sold were admitted in the answer, and no modification of the contract or compromise of the amount earned was pleaded, the court did not err in the refusal to submit such issue. Furthermore, the court rightly held that there was no consideration for a compromise.

**Refusal to amend answer during trial.**

3. The court did not abuse judicial discretion in refusing defendant to amend the answer so as to set up an offset or counterclaim in the midst of the trial.

**Verdict sustained.**

4. The evidence sustains the verdict.

Action in the district court for Hennepin county to recover $2,664 broker's commissions in sales of land. The case was tried before

[1]Reported in 186 N. W. 792.

Waite, J., and a jury which returned a verdict for $3,450.21. From an order denying its motion to set aside the verdict and for a new trial, defendant appealed. Affirmed.

*L. O. Rue*, for appellant.

*Anthony T. Grotte*, for respondent.

HOLT, J.

The action is to recover a commission of $3.50 per acre for selling 1,120 acres of land in July and August, 1915, pursuant to a written contract. The contract, made a part of the pleading, as Exhibit A, was dated April 5, 1915, and terminated December 31, 1915. The answer admitted that such contract was made and that plaintiff assisted in making the sale of the land mentioned, but avers that all commissions earned by reason thereof were fully paid and alleges "upon information and belief that plaintiff has acquired moneys belonging to this defendant while engaged under and pursuant to the terms and provisions of the contract Exhibit A as agent of this defendant largely in excess of the commissions earned in connection with the sales referred to in the amended complaint." And as a further answer it was alleged that at the request of plaintiff defendant paid to one Austin fifty cents an acre for each of said acres involved in sales referred to in the complaint as commissions for assisting plaintiff in negotiating such sales.

It is quite clear upon these pleadings that plaintiff should have judgment for $3,920, less $1,256 payments admitted, unless the defense of payment was made out. Upon the trial defendant attempted to prove a modification of the contract of employment; also an account stated in a less sum, or a compromise and settlement evidenced by a statement of account delivered to plaintiff by defendant several months after the sales were made. During the trial defendant asked leave to plead an offset or counterclaim of $960 due defendant from plaintiff on account of some land deal in the year 1916. The court instructed the jury that the only thing for them to determine was whether payments other than those specifically admitted were proven, and to disregard as proof of a compromise the so-called statement delivered to plaintiff after the work was

done, since there was no consideration for a compromise or settlement.

The assignments of error first discussed by appellant go to the correctness of the learned trial court's instruction just referred to. It was right. There was no substantial evidence that the written contract of employment had been modified prior to the time the lands were sold. Indeed, such testimony as came in tended rather to show that the only contract of employment was an oral one whereby the compensation was fixed at two dollars an acre. This, in view of the admission in the answer that the written contract set out in the amended complaint was made, scarcely amounts to a scintilla of proof. In addition the alleged modification is indefinite as to time, and, if attempted at all, was after the commissions were earned. No consideration appears for a reduction of the amount then already earned. A further support for the learned trial court's position is that no modification of the contract nor a compromise or settlement was alleged in the answer. Nor can it be said that these matters were litigated by consent, for the statement rendered was properly admissible in regard to the defense made. The answer averred overpayment, while said statement indicated that a large sum was unpaid.

What has been said in respect to the pleadings fully justified the court in charging the jury that plaintiff was entitled to $3.50 an acre as commission, the amount named in the contract, for 1,120 acres, conceded to have been sold through his efforts.

There was no reversible error in refusing an amendment asked during the trial for leave to set up as an offset or counterclaim an alleged commission due from plaintiff to defendant on some land deal in 1916, after the contract here in question had expired. If defendant really has such a claim, it may be asserted any time. It was within the discretion of the trial court to grant or refuse permission to inject it after the issues had been made up and in the midst of the trial.

As to the payments the jury were the sole judges. The burden was on defendant to prove such as were not admitted by plaintiff.

We discover no ground for disturbing the jury's finding, approved as it is by the trial court.

The order is affirmed.