# HOWARD E. DAVIS v. JOHN REICHERT AND OTHERS.[1]

May 1, 1936.

No. 30,853.

*Flesher & Young,* for appellants.
*John F. Shaughnessy* and *R. W. Allard,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action by plaintiff to recover wages due in the sum of $153.07 under a contract of hire.

To plaintiff's complaint setting out the contract and the performance thereof defendants answered by way of general denial. The contract engaged plaintiff to act as freight solicitor for defendant

[1]Reported in 266 N. W. 855.

and provided, among other things, a specific method for cancellation of the contract.

The cause came to trial before the court without a jury on May 27, 1935. After plaintiff had testified defendants attempted to show by cross-examination of plaintiff that a new agreement had been entered into changing the time within which the plaintiff was to produce the minimum tonnage of freight provided in the contract and the compensation plaintiff was to receive therefor. Plaintiff objected to the introduction of any testimony which would show a parol modification of the original written contract. There was no showing that defendants had sought cancellation of the contract in the manner therein provided. The trial court sustained the objection on the ground that parol evidence of modification could not be shown unless the method of cancellation provided for in the written contract had been followed. Both parties then rested, and the court found for plaintiff. From an order of the court denying their motion for a new trial defendants appeal.

Only one question is presented: Did the court err in excluding evidence of the alleged subsequent modification of the contract?

The question must be answered in the negative. On behalf of defendants it is urged that the subsequent agreement amounted to both a cancellation and a modification of the original contract. Numerous authorities have been cited supporting the view that evidence of a subsequent parol agreement of such character is admissible. Whether the agreement in the instant case comes within the rule of these cases is unnecessary to decide. Although the trial court gave as the reason for excluding the evidence only that urged by the defendants as error, there is another ground on which the action of the trial court must be sustained.

To plaintiff's complaint setting forth the contract and the performance thereof, defendants answered by way of general denial. The defense of modification or cancellation of the contract was not pleaded affirmatively.

It is axiomatic that a denial in the answer goes only to the facts alleged in the complaint and not to the liability arising from those facts. Iselin v. Simon, 62 Minn. 128, 64 N. W. 143. Therefore,

under a denial defendant can show only facts tending to disprove those set out in the complaint. A matter which, admitting the facts alleged, will yet in a given case avoid the defendant's liability is classed as new matter. It is in the nature of confession and avoidance. In order that defendant may be allowed to introduce evidence of such matter it must be pleaded specially and cannot be shown under a denial. ' Trovatten v. Hanson, 171 Minn. 130, 213 N. W. 536.

In the instant case, the answer of the defendants, being only a general denial, put in issue only those facts set out in the complaint. Principally, those are the contract and the performance thereof. At the trial defendants attempted to show that a new contract had supplanted the original, by way of modification and cancellation. This concedes, for the purpose of the defense, the existence of the first contract, and is an attempt to avoid liability without denying any of the facts necessary to plaintiff's cause of action, set out in the complaint. Thus it is apparent that defendants' defense of modification and cancellation is new matter in the nature of confession and avoidance within the above rule, and as such, should have been pleaded specially in order that evidence thereof could be properly received. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7585.

In the case of Stannard v. National Land Agency, 151 Minn. 297, 186 N. W. 792, plaintiff alleged a contract for performance of personal services in selling real estate and the consummation thereof. The answer admitted the contract and its performance but alleged certain special defenses. At the trial defendant attempted to prove a modification of the contract of employment, which modification agreement allegedly was entered into prior to the time the land was sold by plaintiff. The court held that it was not error for the trial court to exclude the question of modification in its instructions to the jury and gave as one of the reasons for the decision that this defense had not been alleged in the answer.

In Rothschild v. Burritt, 47 Minn. 28, 49 N. W. 393, plaintiff alleged a contract for personal services in the sale of realty, and performance. The answer was a general denial. The court held

that it was not error to exclude evidence showing that the entire contract had been abandoned and canceled by mutual assent. The court said [47 Minn. 30]:

"This class of testimony was incompetent and inadmissible under the pleadings, in whatever form it was presented. At most, it amounted to evidence of a waiver and release by plaintiffs of their right to commissions for making a sale, and already earned. If of any value whatever as a defense, it could not be shown under a general denial. It was a special defense, in avoidance, and should have been alleged in the answer if relied upon."

In the light of the foregoing authorities, this court has no alternative but to conclude that defendants' testimony showing modification and cancellation was inadmissible under the state of the pleadings, and the court did not err in sustaining plaintiff's objection thereto. Nor is it material that the court at the trial gave as a reason for the exclusion another than the one here discussed. It is not necessary that the ruling of the trial court be sustained on the basis of the reason given at the trial. Bond v. Wabash St. L. & P. Ry. Co. 67 Iowa, 712, 25 N. W. 892; 2 R. C. L. § 67, pp. 90-91.

Defendants have also urged that the court erred in not allowing an amendment to the answer. In this we cannot concur. The amendment of pleadings is a matter lying almost wholly within the discretion of the trial court, and its decision will not be reversed on appeal in the absence of clear abuse of discretion. Cosmopolitan State Bank v. Sommervold, 158 Minn. 356, 197 N. W. 743. The liberality to be shown in allowing amendments depends greatly upon the stage the action has reached. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7698. There was no request for amendment during the trial. The question was raised for the first time in defendants' motion for a new trial wherein it was assigned as error. We conclude that there is no showing that the trial court abused its discretion in the matter of allowing an amendment to the answer.

The order is affirmed.