FRANK D. HEATON AND HENRY RICHARDSON v. ANNIE L. EDWARDS.

[See 86 Mich. 91.]

*Factors and brokers—Commission on sale of real estate—Cancellation of authority of agent—Evidence.*

1. Where the owner of real estate has placed it in the hands of agents for sale, he cannot, with knowledge that the agents are negotiating with a proposed purchaser, cancel their authority, effect the sale himself, and avoid the payment of their commissions.

2. In a suit by the agents to recover such commissions, they may introduce in evidence the contract between the principal and the purchaser; but the principal cannot introduce evidence of after-disputes between himself and the purchaser as to the performance of the contract on the purchaser's part, especially if such disputes have been settled by litigation in favor of the purchaser.

Error to Wayne. (Brevoort, J.) Argued February 18, 1892. Decided March 4, 1892.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*William Stacey,* for appellants.

*Alex. D. Fowler,* for defendant, contended:

1. The entire charge of the court was eminently fair to the plaintiffs, and gave the law as laid down in the following cases: *McCreery v. Green,* 38 Mich. 185; *Williams v. McGraw,* 52 Id. 480; *Hannan v. Moran,* 71 Id. 261; *Hannan v. Fisher,* 82 Id. 208; *Wright v. Beach,* Id. 469.

GRANT, J. Plaintiffs sued to recover commissions on sale of real estate.

Defendant was the owner of the real estate, and authorized them to negotiate a sale.

Their evidence is to the effect that she offered to take $5,500 for the property; that she afterwards offered to take $5,300; that they opened negotiations November 10, 1889, with one Munro for the purchase; that they obtained a cash offer from him of $5,000, which they submitted to her, but she declined it; that during the latter part of November Mr. Munro called on them, and said that he had seen Mrs. Edwards, and she would take $5,150 if they would take $50 for their commission; this they declined; that defendant sent for Munro to go to her house; that she then proposed to deal directly with him, so as to avoid the commission; that at her request he consulted a lawyer to ascertain if she could thus avoid it, and advised her that she could not, and that afterwards he purchased the land from her for $5,125, and agreed to pay $25 more towards the commission; that about December 10 she ordered the property removed from their books, saying that she would not then sell it.

The evidence on the part of the defendant was to the effect that plaintiffs made her a cash offer of $5,000; that she refused to accept it; that they made her no further

offers; that on the 2d day of November she went to plaintiffs' office, told them that she would not sell her property till spring, and ordered them to take it off their books, which they said they would do; that the latter part of November she learned through some neighbors that Mr. Munro would like to buy the property; that she then sent for him; that she did not know he had seen plaintiffs; that Mr. Munro said nothing about them, and that his statements of what occurred between them were not true.   The contract of sale was dated December 7, 1889.

The court instructed the jury as follows, at the request of plaintiffs:

" 1. If you believe from the evidence that the plaintiffs procured a customer for the defendant's property, who was ready and willing to purchase on terms satisfactory to her, then they are entitled to their pay, and your verdict will be for the plaintiffs. .

" 2. If you believe from the evidence that the defendant placed her property in the hands of the plaintiffs for sale, and that they commenced negotiations with Mr. Munro for the purchase of the property, and while these negotiations were pending she took it out of their hands, and completed the sale herself, then plaintiffs are entitled to recover their commission, the same as if they had actually completed the sale.

" So that you will not misunderstand the second request of the plaintiffs, I charge you, gentlemen, that if, according to the plaintiffs' theory, she went there about the 10th day of December, and told them she would withdraw the property from their hands, and they at that time, or two or three days before, had entered into this agreement, then plaintiffs are entitled to their commission.   If you believe such was not the fact; that, before they had said anything to Munro about the purchase of this property, she went to them, and withdrew her property from their hands,—then, of course, your verdict will be for the defendant.

" 3. It will not affect the liability of the defendant that she may have had talks regarding this same property with Munro several months before.   If the plaintiffs brought about the negotiations that finally resulted in

the sale of the property, they are entitled to recover.

"4. It makes no difference with the case whether or not the defendant and Mr. Munro afterwards had trouble about the contract. The plaintiffs had nothing whatever to do with the contract. Their contract was to find a purchaser on terms satisfactory to the defendant; and if you believe from the evidence that they did find such a purchaser, and that the defendant was satisfied with the terms at the time, and agreed to sell the property, then the plaintiffs are entitled to their pay."

The court then charged the jury, at request of defendant's counsel, as follows:

"1. If you find from the evidence that the defendant, Mrs. Edwards, in good faith withdrew the property from the office of the plaintiffs before they had sold it, she would have the legal right to sell it herself, even to a party who had made inquiry of them about it, without making herself liable to the plaintiffs for their commission.

"2. To entitle the plaintiffs to a commission, they must have brought to the defendant a party ready and willing to pay her price for the property."

"4. The owner of the property has the right to revoke the authority of the real-estate agent; and if she does revoke the authority of the agent, without any intention of defrauding the agent, and afterwards sells the property herself, even if she sells it to the party with whom the agent negotiated, the agent is not entitled to recover the commission."

The instructions first given correctly state the law applicable to the case. The second instructions do not. The defendant, if she knew that plaintiffs had called the attention of Mr. Munro to the property, and that they were negotiating with him, could not cancel their authority, effect the sale herself, and avoid the payment of the commission. *Chilton v. Butler*, 1 E. D. Smith, 151. The court in that case said:

"If vendors were permitted to employ brokers to look up purchasers, and call the attention of buyers to the property which they desired to sell, limiting them as to terms of sale, and then, while such purchasers were nego-

tiating, take the matter into their own hands, avail themselves of the labor, services, and expenses of the broker in bringing the property into market, and accomplish a sale by an abatement in the price, and yet refuse to pay the broker anything, the business of a broker would not be worth pursuing; gross injustice would be done; every unfair and illiberal vendor would limit his property at a price slighly above the market, and make use of the broker to bring it into notice, and then make his own terms with the buyers, who were in reality procured by the efforts of the agent."

There was no question of good faith to submit to the jury. If the jury believed the evidence on the part of the plaintiffs, they should have recovered. If they believed the evidence on the part of the defendant, she was entitled to their verdict.

It was competent for the plaintiffs to introduce the contract between defendant and Munro, but it was not competent for her to introduce evidence of disputes between them as to the performance of the contract on his part afterwards, especially in view of the fact that these disputes had been settled by litigation in favor of Munro. *Munro v. Edwards,* 86 Mich. 91.

The court, by plaintiffs' request No. 4, eliminated this from the consideration of the jury, and we only mention it so that there may be no misunderstanding about it on a retrial.

Judgment reversed, and new trial ordered.

The other Justices concurred.