### DECKER *v.* WIDDICOMB.

1. BROKERS—COMMISSIONS—UNDISCLOSED PRINCIPAL.

By completing the sale to a customer first introduced by plaintiff, a real-estate broker, to whom defendant had given authority to find a purchaser, after notice that the broker will claim commissions in case of sale to that customer, defendant becomes liable for plaintiff's commissions, though the negotiations that culminate in sale are begun by an agent of the purchaser who does not at first disclose his principal.[1]

---

[1] As to when real-estate broker is considered as the procuring cause of a sale effected, see note to *Hoadley* v. *Savings Bank,* (Conn.) 44 L. R. A. 132.

2. SAME—ACTION FOR COMMISSIONS—EVIDENCE. ·
    In an action for broker's commissions, a newspaper advertise-
    ment, published by plaintiff, is admissible as showing what
    was done by plaintiff in pursuance of his contract to sell the
    property.

Error to Kent; Perkins, J.   Submitted January 14,
1904.   (Docket No. 40.)   Decided July 27, 1904.

Assumpsit by Peter W. Decker and Fred R. Jean, co-
partners as Decker & Jean, against John Widdicomb for
commissions on the sale of certain real estate.   There was
judgment for plaintiffs, and defendant brings error.   Af-
firmed.

*Knappen, Kleinhans & Knappen*, for appellant.
*Smedley & Corwin*, for appellees.

MOORE, C. J.   Plaintiffs are real-estate men.   They sued
defendant to recover commissions amounting to $212.50.
The case was tried by a jury, which rendered a verdict
for that amount.   The case is brought here by· writ of
error.   The errors relied upon are a failure to direct a
verdict because:

1. The undisputed evidence shows that the agency upon
which plaintiffs relied was a special one for the sale of a
certain amount of property to Mr. Wilcox at a certain
price, and that plaintiffs did not succeed in carrying out
their part of the contract.

2. The undisputed evidence shows that the agency was
terminated before the property was sold to Mr. Doty, and
after the failure of plaintiffs to carry out their part of the
contract.

3. The undisputed evidence shows that the defendant
sold to Mr. Doty without knowledge that he was acting
for any one else in the transaction.   That he was secretly
acting for Wilcox was therefore immaterial.

The other error relied upon is the admission by the trial
court of a newspaper advertisement reading as follows:

"100 feet near the corner of College and East Fulton;
a very choice situation for a choice home."

In support of the first proposition, counsel cite Mechem on Agency, § 611; *Antisdel* v. *Canfield*, 119 Mich. 236 (77 N. W. 944), and other cases. In support of the second proposition counsel cite Mechem on Agency, § 210; *Heaton* v. *Edwards*, 90 Mich. 500 (51 N. W. 544); *Antisdel* v. *Canfield*, 119 Mich. 229 (77 N. W. 944), and other cases. As to the third proposition counsel cite Mechem on Agency, § 112.

The trial judge, in his charge to the jury, after stating the claims of the parties to the litigation, charged them, among other things:

" There are three questions of fact which I will submit for your consideration under the evidence in this case: *First.* Was there a contract, as the plaintiffs claim? If you find that there was, then, *second*, Was that contract terminated before the sale of this land, as the defendant claims? If you find that there was a contract, and that it was not terminated, or not terminated at the time of this sale, then, *third*, Were the plaintiffs the procuring cause of this sale? The other question that is raised by the claims of the parties, and which is not included in the questions which I will submit for your determination, is the one in relation to whether or not the sale was to Mr. Doty. As to that question, the fact that the defendant, after he discovered that Mr. Doty was acting for and in behalf of Mr. Wilcox, continued his negotiations and completed the sale to Mr. Wilcox, must be construed as a ratification on the part of the defendant of Mr. Doty's agency for Mr. Wilcox, and I so instruct you. So that phase of the question is out of the case, so far as it bears upon the question as to whether the sale was to Mr. Doty alone or to Mr. Wilcox. Unless you are satisfied by a fair preponderance of the evidence that the contract of agency for the sale of the land was entered into, as the plaintiffs claim, the plaintiffs cannot recover, and your verdict must be 'No cause of action.' If you are satisfied that such an agreement was made, then consider the next question: Was it terminated, as the defendant claims? Now, there can be no doubt as to the right of the defendant to terminate this agency, if any was so created, at any time he chose. The question for you to determine is, under the evidence in this case, Was it terminated? If it was, and you so find, the plaintiffs cannot recover, and your verdict

must be for the defendant. * If you are satisfied that there was a contract, as the plaintiffs claim, and that it was never terminated, then consider the question as to whether the plaintiffs were the procuring cause of this sale to Mr. Wilcox; that is, Were they the moving cause in the transaction? Was it through their efforts that the sale was made? Were they the ones who set on foot the negotiations which eventually resulted in the defendant's selling the property to Mr. Wilcox?   *   *   *   Should you not be satisfied upon each of the questions named, your verdict must be for the defendant, 'No cause of action.' I will read the defendant's tenth request:

"'Defendant claims that he made no contract with plaintiffs to pay them commission, but understood that he was dealing with plaintiffs as the agents for Mr. Wilcox.' If you find this to be the fact, your verdict will be 'No cause of action.'"

Counsel for plaintiffs insist counsel for defendant are in error in their first three propositions; that, instead of the testimony being undisputed as to each of those propositions, there is a sharp conflict in it, and that the judge very properly left the questions of fact to the jury, under *Heaton* v. *Edwards*, 90 Mich. 500 (51 N. W. 544), *Wood* v. *Wells*, 103 Mich. 320 (61 N. W. 503), and *Brooks* v. *Leathers*, 112 Mich. 463 (70 N. W. 1099). It would profit no one to insert the evidence here. The defendant denied he ever agreed to pay commissions, and insisted he supposed plaintiffs would get their commission from Mr. Wilcox, if a sale was made to him. An examination of the record satisfies us the plaintiffs made a prima facie case, and that the trial judge would have erred had he taken the case from the jury.

It is insisted the sale was made to Mr. Doty before any knowledge came to defendant that he was acting for Mr. Wilcox, and that this is a complete defense, and that the court erred in his instruction to the jury upon that branch of the case. The record discloses that when the price was agreed upon Mr. Widdicomb signed with his initials a brief memorandum of the transaction, and it is said there can be no doubt such a contract could be enforced by Doty.

The memorandum did not show to whom the deed was to run. The record discloses that Mr. Doty did not seek to enforce the contract, but before the deed was made informed defendant he was acting for Mr. Wilcox, and that at least two weeks before the deed was made to Mr. Wilcox the defendant was informed plaintiffs would claim their commissions. After this information came to him, he joined in making a deed to Mr. Wilcox. The newspaper advertisement was competent as showing in part what was done by plaintiffs in pursuance of what they claimed they were expected to do.

Judgment is affirmed.

The other Justices concurred.