### H. G. HOLLOWAY & BRO. v. WHITE–DUNHAM SHOE CO.

(Circuit Court of Appeals, Seventh Circuit. October 24, 1906.)

No. 1,277.

1. APPEAL—EXCEPTIONS—RECORD.

Where a judgment was set aside at the same term, and plaintiff was permitted to amend its declaration by interlining averments of diversity of citizenship, after which the court ordered the plea and notice on file to stand to the declaration as amended, and then entered judgment anew, and the record on a writ of error failed to show any objection or exception taken to such proceedings by defendant, or that defendant asked leave to file a further plea, there was no available error.

2. NOVATION—EVIDENCE.

In an action to recover the price of shoes purchased by defendant from plaintiff's assignor, evidence *held* sufficient to warrant a finding that there was a novation.

3. PAYMENT—APPLICATION OF PAYMENTS.

Defendant purchased shoes from plaintiff's assignor under a contract which was assigned to plaintiff on January 1, 1903, after which defendant still continued to purchase shoes from plaintiff, and made payments after that date in excess of claims for shoes delivered subsequent thereto, but not for shoes delivered prior to the assignment. *Held*, that plaintiff, having established a novation, was justified in applying defendant's payments in settlement of the old accounts; defendant having omitted to direct a specific application thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 104–107, 110.]

4. EVIDENCE—LEDGERS—BOOKS OF ORIGINAL ENTRY.

Where a ledger sought to be introduced in evidence was shown not to be a book of original entry, and the entries therein were not proved to be just and true, the book was inadmissible in evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1438, 1443, 1453–1462.]

5. ASSUMPSIT—COMMON COUNTS—VALUE.

Where, in assumpsit for goods sold and delivered, the contracts were fully executed, excepting that defendant had not paid the price, the contracts, invoices, bills of lading, etc., showing the contract price, were admissible under the common counts, and established a prima facie case that the contract price was the reasonable value of the goods sued for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Assumpsit, Action of, § 137.]

6. DAMAGES—BREACH OF CONTRACT—NOTICE OF SPECIAL CIRCUMSTANCES—SALES—LOSS OF PROFITS.

Where a manufacturer takes an order from a wholesaler in the ordinary course of business, without any notice, except that implied from receiving the order, that the wholesaler expects to use the goods as part of his stock in trade to offer to his customers, he is not liable for the profits which the wholesaler might have made in his business if the manufacturer had not failed in his obligation respecting the time of delivery and the quality of the goods.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 58–62.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

J. L. Bennett, for plaintiff in error.
Fred A. Bangs, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, delivered the opinion of the court.

In an action of assumpsit, on a declaration containing only the common counts, and on a plea of the general issue with notice of set-off and recoupment, the defendant in error, plaintiff below, obtained the judgment which is challenged by this writ of error.

1. The declaration as originally filed did not contain the necessary allegations respecting diversity of citizenship. The verdict was returned and judgment was entered on February 6, 1906. On February 12th, at the same term and when plaintiff in error was present, the

court vacated the judgment, permitted defendant in error to amend the declaration by interlining the proper averments of citizenship, ordered that the plea and notice on file stand to the declaration as amended, and entered judgment anew. Plaintiff in error contends that this action of the court deprived it of an opportunity to contest the question of jurisdiction. For aught the record shows, the judgment was vacated and the amendment was made with the consent of plaintiff in error. No objection was made nor exception taken to the action; nor did plaintiff in error ask leave to file any further plea.

2. Plaintiff in error, a jobber of shoes, in the fall of 1902 placed orders at certain prices with Frank E. White Company, a partnership engaged in manufacturing shoes. The contracts were assigned by Frank E. White Company to defendant in error. The shoes were manufactured and delivered by defendant in error, and this action was for the purchase price. Plaintiff in error, calling attention to testimony to the effect that it had no notice of and never consented to the assignment, insists that defendant in error could not maintain this action. But there was other evidence which the jury had the right to believe and act upon. A clerk in defendant in error's office testified that she mailed a notice properly stamped and addressed to plaintiff in error. That notice stated that on and after January 1, 1903, the firm of Frank E. White Company would be succeeded by the White-Dunham Shoe Company, a corporation, that all accounts and contracts belonging to the firm were assigned to the corporation, and that the accounts would be collected and orders filled by the corporation. The record contains letters from plaintiff in error to defendant in error, commencing as early as January 8, 1903, relating both to the filling of contracts given by plaintiff in error to the White partnership and to the payment of accounts due the firm. From this evidence the jury were warranted in finding that there was a novation.

3. Plaintiff in error proved that it had made payments after January 1, 1903, in excess of the accounts for shoes delivered after that date. Defendant in error proved that it had applied part of the payments to the liquidation of the White partnership accounts which had been assigned to it, leaving the unpaid balance which was sued for. The contention here is substantially the same as the last. There being a novation, and, plaintiff in error having omitted to direct the application, defendant in error was justified in applying the payments upon the old accounts.

4. Plaintiff in error offered in evidence a page from its ledger to prove the balance due on the old accounts, claiming that the amount was less than defendant in error had appropriated. But the witness who identified the ledger showed that it was not a book of original entries and failed to prove that the entries therein were just and true. The offer was rightly rejected.

5. The value of the shoes was not proved by defendant in error. As the contracts were fully executed except payment by plaintiff in error, the contracts, invoices, bills of lading, etc., which showed the contract price, were properly received in evidence under the common counts, and made out a prima facie case that the contract price was the value.

6. Plaintiff in error, asserting that it had lost orders from its customers by reason of defendant in error's delays in shipments and failures in delivering goods that came up to contract, offered to prove its damages in the way of expenses and lost profits in connection with canceled orders. In ruling on evidence and in charging the jury, the court submitted the case on the theory that plaintiff in error was not entitled to such damages except in those instances in which the plaintiff in error already had contracts for the resale of shoes and then placed orders with defendant in error to obtain shoes to fill the contracts of which defendant in error had notice. We do not accept plaintiff in error's theory that a manufacturer who takes an order from a wholesaler in the ordinary course of business, without any notice except that implied from receiving the order, namely, that the wholesaler expects to use the goods as part of his stock in trade to offer to his customers, is liable for the profits which the wholesaler might have made in his business if the manufacturer had not failed in his obligation respecting time or quality. An inquiry into such possible profits involves matters within the exclusive control of the wholesaler, subsequent to the original contract, such as the fixing of prices and terms of credit on resale, and also involves collateral matters respecting the solvency of the wholesaler's customers and their true reasons for canceling orders. Both are good grounds for refusing to go into the inquiry in the absence of evidence which establishes the manufacturer's express or implied consent so to put himself in the wholesaler's hands. 2 Sutherland on Damages (2d Ed.) §§ 662–666, 672. Plaintiff in error was permitted to introduce evidence of diminished value both from delay and from inferior quality.

Other assignments of error either are not supported by the record or are waived by failure to present them in argument.

The judgment is affirmed.