GALEN H. COON and Another v. ST. PAUL PARK REALTY COMPANY.[1]

June 28, 1907.

Nos. 15,140—(100).

### Action for Broker's Commission—Evidence.

New trial granted upon the ground that the evidence did not justify the trial court in finding that appellants, as agents, did not procure a purchaser of certain real estate, ready, willing, and able to purchase on terms acceptable to the owner.

Action in the district court for Ramsey county to recover $1,000 as commission for making a sale of real estate. The case was tried before Olin B. Lewis, J., who found in favor of defendant. From an order denying a motion to amend the findings of fact and conclusions of law and for a new trial, plaintiffs appealed. Reversed and new trial granted.

*Bryan & Coffman,* for appellants.

*Ambrose Tighe,* for respondent.

LEWIS, J.

In May, 1905, respondent company was the owner of certain real estate at St. Paul Park, about ten miles from the city of St. Paul. Appellants were copartners, engaged in real estate brokerage at St. Paul. Early in May, 1905, through its president, Mr. Taylor, who resided at Bellingham, Washington, respondent company listed the lands with appellants for sale at the price of $27,500, one-fifth cash and the balance in deferred payments; their commission to be $1,000. No cash price for the land was mentioned, nor was any time fixed within which the agents were required to complete the sale. The agency was not exclusive. Appellants enlisted the services of Messrs. Smith & Ballweber, real estate agents, of Austin, Minnesota, who presented the proposition to Mr. Shepherd, of Austin, and introduced him to Mr. Taylor. For the following three months appellants carried on negotiations with Mr. Shepherd and three or four other parties, until the 24th of August, when Mr. Taylor notified appellants that the

[1]Reported in 112 N. W. 526, 862.

price on the land had been raised to $40,000, after which appellants made no further effort to sell it. Within three or four weeks from such notification Taylor sold the property to Shepherd for $20,000 cash, and appellants brought this action to recover $1,000 commission, claiming that under the terms of their contract with respondent they had been the procuring cause of the sale to Shepherd.

The trial court found that May 27, 1905, appellants and respondent entered into a contract by the terms of which respondent employed appellants to find a purchaser, or purchasers, for the land in question at the price of $27,500 on time, and, in case appellants should effect a sale on such terms, respondent agreed to pay them $1,000 commission; that appellants immediately entered into negotiations with Shepherd, and also with McArthur & La Mont, of South Dakota, but that they were unable to effect a sale of the land to any of the parties upon the terms mentioned, or on any other terms satisfactory to respondent; that the contract of employment between appellants and respondent was terminated and ended on or about the 24th of August, 1905; that on or about September 24, 1905, respondent sold the land to Shepherd, who represented himself and Mr. Easton, of La Crosse, for $20,000 cash, and that appellants were not the procuring cause of the sale. Appellants thereupon made a motion to amend the findings and for a new trial, which was denied.

Appellants deny that the evidence justifies the finding of the court that appellants were not the procuring cause of the sale, and insist that it conclusively appears that they were. It is conceded that Smith & Ballweber were appellants' agents and instrumental in bringing Mr. Shepherd, his associate, Mr. Easton, and Mr. Taylor together. There was some conflict in the evidence as to whether Smith & Ballweber endeavored to interest Mr. Shepherd as an individual purchaser, or invited him to assist in forming a syndicate for the purpose of buying the property, or whether they presented a proposition to him to furnish the money and divide profits on a resale. But whatever doubt may have existed in this respect is put at rest by the finding of the trial court that appellants entered upon negotiations with Shepherd for the sale of the property upon the terms agreed upon, and we shall give this feature of the case no further consideration. Negotiations with Mr. Shepherd were continued from time to time by appellants, or their

agents, Smith & Ballweber, during June and July, and finally, about August 1, Shepherd agreed to examine the property, and did so, accompanied by appellants' representative, Mr. Smith, who hired a team and driver, showed the land to Shepherd, and paid the expenses of the trip; but Shepherd declined to buy on the ground that the price was too high. While these negotiations were going on with Shepherd, appellants were also endeavoring to sell the land to McArthur and La Mont, of South Dakota, and it appears that appellants and Mr. Taylor had every reason to believe that a sale to those parties would be completed at $25,000; but for some reason, which does not appear, shortly before the 24th of August the deal fell through. However, while that deal was still pending, and while Mr. Taylor was in St. Paul, he telephoned Shepherd at Austin that he was about to close a sale of the land to other parties for $25,000, but, in view of the fact that they had had some conversation concerning the property, he (Shepherd) should have the first chance of buying it at that price, if he wanted it; but Shepherd declined the offer because he considered the price too high. Immediately upon being notified that negotiations with the South Dakota people had fallen through, Mr. Taylor wrote the following letter to appellants, dated August 24, 1905:

> Regretting the failure of your deal with Messrs. McArthur and La Mont, the turn of which I have waited for four weeks, I now wish to say that the price quoted to these gentlemen for the property of St. Paul Park, all the prices heretofore tendered on those properties for a less sum than forty thousand ($40,000) dollars must now be considered as withdrawn.

Appellants submit that this letter was intended to lead them to believe that the price had been advanced to such a figure as would cause them to drop out, thus leaving respondent free to deal directly with Shepherd. It is apparent that the price was not increased to $40,000 in good faith, with any expectation that appellants would continue the agency and endeavor to sell the property at such figures; for it was about that very time that Mr. Taylor endeavored to interest Shepherd at the price of $25,000. According to all the evidence, the price was absolutely prohibitive, and the letter was evidently written for the purpose of terminating appellants' contract of agency. Appel-

lants had been making earnest efforts to make a sale upon satisfactory terms to respondent, and it does not appear that respondent wished to end the contract for the reason that they had not been diligent in their efforts to sell the land. When all of these circumstances are considered, they furnish very strong grounds for the assertion made by appellants that respondent's purpose was to get rid of them, in order that it might subsequently renew the matter, and, if possible, make a sale direct to Mr. Shepherd.

The learned trial court disposed of the case upon the ground that the letter of August 24 terminated the contract of agency, and, as appears from the memorandum, upon the ground that after receiving the letter appellants considered their agency at an end. We think the court must have overlooked the circumstances under which the letter was written and the real nature of its contents. The rule of law in this state is well settled that under such a contract all the agent has to do to be entitled to his commission is to procure a purchaser ready and willing to buy on terms acceptable to the employer, and it makes no difference that the employer makes the bargain with the purchaser, provided the agent was the procuring cause of the sale. If the agent is the procuring cause, then the owner cannot avoid the agency by making a price at a less amount than named to the agent. Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426.

While respondent had a right to terminate the agency upon proper notice, it could not do so and at the same time avail itself of services already performed by the agents under the contract. Conceding that the letter of August 24 had the effect of terminating the agency, yet, if Mr. Shepherd was procured as a prospective purchaser through the efforts of appellants, respondent could not avoid liability, even though four weeks had elapsed before the sale was effected. "A delay of four months between the time defendant agreed to pay plaintiff for furnishing a purchaser for land and the time the sale was completed, plaintiff having at once furnished the name of the person who finally bought it, does not deprive plaintiff of the right to compensation, there having been no express limitation of time." Burd v. Webster, [128 Wis. 118] 107 N. W. 23. "The attempt of defendant to cancel and annul the authority of plaintiff was wholly ineffectual. The letter written and sent to plaintiff for that purpose was subsequent to the

time plaintiff procured the purchaser to whom defendant sold the land, and when its commission was in part, at least, earned." Reishus-Remer Land Co. v. Benner, 91 Minn. 401, 98 N. W. 186.

It is conceded that Mr. Shepherd was procured by appellants as a prospective purchaser, and, such being the fact, respondent was called upon to prove that in making the sale he was dealing with him as an original party. The evidence strongly impresses us that at the time of writing the letter of August 24 Mr. Taylor expected to take the matter up with Shepherd, with the hope of finally making a sale to him, and that, after getting rid of his agents, he took an early opportunity to carry his purpose into effect. The explanation that all negotiations between Taylor and Shepherd had been broken off, that the subsequent meeting in St. Paul was purely accidental, and that the sale was the result of a bluff, is not very satisfactory; and, since it appears that the trial court disposed of the case upon the ground that the letter terminated the agency, and appellants so treated it, we are convinced that the court did not fully consider the contents of the letter and the conduct of the parties as bearing upon the point at issue, viz., were appellants the procuring cause of the sale.

New trial granted.

The following opinion was filed on July 12, 1907:

PER CURIAM.

Application for reargument is made by respondent upon the ground that appellants are in no event entitled to recover more than the reasonable value of their services; that, having declared upon a special contract to pay a commission of $1,000, appellants cannot recover at all under the evidence in this case. Whether appellants might recover the full amount of the $1,000 upon the contract alleged in the complaint, or are limited to the reasonable value of their services, is a question not raised or argued upon this appeal, and was not discussed or referred to in the opinion, and with reference to which we express no opinion.

Motion for reargument denied.