## EDWARD THOMPSON COMPANY *v.* KOLLMEYER.

[No. 7,091.  Filed October 12, 1910.]

1. ACCOUNT.—*Assumpsit.*—*Contracts.*— *Implied.*— *Evidence of Express.*—*Variance.*—In an action in assumpsit on an account for the value of books sold and delivered, evidence of a written contract between the parties is admissible, the agreed price constituting the maximum amount of damages recoverable.  p. 402.

2. ACCOUNT.— *Goods Sold and Delivered.*— *Evidence.*— Evidence showing that the plaintiff sold and delivered to defendant, upon

his written order, certain books, entitles the plaintiff to a judgment.  p. 402.

From. Bartholomew Circuit Court; *Marshall Hacker,* Judge.

Action by the Edward Thompson Company against Carl J. Kollmeyer. From a judgment for defendant, plaintiff appeals. *Reversed.*

*J. W. Billman,* for appellant.
*Kollmeyer & Sharpnack,* for appellee.

RABB, J.—Appellant brought an action in general assumpsit against appellee, to recover on an account for goods alleged to have been sold and delivered by appellant to appellee.  Issues were formed and a trial had, resulting in a finding and judgment for appellee.  The only question presented here is the sufficiency of the evidence to sustain the finding.

The goods alleged to have been sold were volumes thirteen to thirty-two, inclusive, of the American and English Encyclopedia of Law, volumes fifteen to twenty-three, inclusive, of the Encyclopedia of Pleading and Practice, and volume two of the supplement to the Encyclopedia of Pleading and Practice.

The appellant introduced in evidence, without objection, the following written order, given by appellee to appellant:

"Columbus, Indiana, March 19, 1903.  Edward Thompson Company, Northport, New York, Gentlemen:  Please renew shipments on my contracts for American and English Encyclopedia of Law, second edition, and Encyclopedia of Pleading and Practice, sending me at once volumes thirteen to twenty-three, inclusive, of the American and English Encyclopedia of Law and volumes fifteen to twenty-three, inclusive, of the Encyclopedia of Pleading and Practice, for which I am to pay you $7.50 and $6 per volume respectively, also send me the remaining volumes of the American and English Encyclopedia of Law as published, and the supplement to the Encyclopedia of Pleading and Prac-

tice. The terms on the volume of the American and English Encyclopedia of Law now published, and the subsequent volumes, and on volumes fourteen to twenty-three of the Encyclopedia of Pleading and Practice, I agree to pay as follows: $6.50 cash; balance $10 bimonthly, beginning September 1, 1903.

C. J. Kollmeyer."

It was shown by other undisputed and uncontradicted evidence that the goods were shipped pursuant to the order, and had been partially paid for by appellee, a balance of $139.50 remaining due.

1. Appellee contends that appellant's action, being in general assumpsit upon the account, and not based upon the written order, would not be sustained by proof of the written order introduced in evidence.

It is the settled law in this State, that where an express contract has been entered into, and one party has fully performed his part of the contract, so that nothing remains unexecuted but the other's obligation to pay, the party performing his part of the contract may sue the other upon the implied contract to pay for the benefit he has received. *Magee* v. *Sanderson* (1858), 10 Ind. 261; *Peden* v. *Scott* (1905), 35 Ind. App. 370; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471, and cases cited.

2. The special contract marks the maximum of the measure of damages. In this case the undisputed evidence shows that the goods were furnished to appellee, at his request, by appellant, and all that remained to be done under the contract was that appellee should pay for them. Under the evidence, appellant was clearly entitled to a finding and judgment against appellee for the balance remaining due on the purchase price of the books.

Judgment reversed and a new trial ordered.