## JULIA A. WRIGHT v. CLARKE WAITE.[1]

June 19, 1914.

Nos. 18,529—(76).

**Broker — revocation of authority.**

1. The owner may revoke the authority of a broker with whom he has listed his lands. In this case the evidence supports the finding of the jury that there was no revocation.

**Sale of land by owner.**

2. The owner, who has thus listed his property, may himself sell it. In

[1] Reported in 148 N. W. 50.

Note.—On the question whether the broker's right to make sale of property is exclusive of the owner's right, see notes in 24 L.R.A.(N.S.) 279 and 40 L.R.A. (N.S.) 1142.

this case it is *held* that under the evidence and the finding of the jury he did not sell.

**Issue tried by consent.**

3. The parties voluntarily litigated the question whether the plaintiff procured a purchaser under a contract not pleaded.

**Broker — action for commission — evidence.**

4. In an action to recover an agreed commission it is in general error to receive evidence of efforts made to sell; but where there is a controversy as to the existence of a listing agreement at the time, and the fact that such efforts were being made was communicated to the owner, such evidence is competent; and when it conclusively appears that the broker found a purchaser the error is in general without prejudice.

Action in the district court for Stearns county to recover $468 under the terms of a certain agreement. The case was tried before Nye, J., who denied plaintiff's motion for a directed verdict for the amount claimed, and a jury which returned a verdict for $480.87 in favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*R. B. Brown,* for respondent.

DIBELL, C.

This action was brought by the plaintiff to recover an agreed commission upon the sale of lands. There was a verdict for the plaintiff and the defendant appeals from the order denying his blended motion for judgment or a new trial.

It is conceded that in October, 1911, the defendant listed certain land with the plaintiff. He gave her no exclusive agency. The jury found that she obtained a purchaser on June 28, 1912. The defendant makes four definite claims:

(1) That he revoked plaintiff's authority.

(2) That he sold the land himself.

(3) That the court erred in holding that a recovery could be had upon an agreement made on June 28, 1912.

(4) That the court erred in allowing the plaintiff to show what efforts she had made to find a purchaser.

1. The defendant was free to revoke the plaintiff's authority. 1 Dunnell, Minn. Dig. §§ 1160, 1141. He claims that he did. The question was submitted to the jury under proper instructions. The general verdict for the plaintiff necessarily includes a finding against the claim of revocation.

2. The defendant had a right to sell, notwithstanding the authority given the plaintiff to find a purchaser, and if he did so he was not liable to the plaintiff though she afterwards found a purchaser. 1 Dunnell, Minn. Dig. § 1152.

He claims that he entered into a contract of sale with the Farmers Loan & Investment Co. on March 1, 1912. An examination of the contract shows it to be an agreement whereby, in consideration that the company advertise and use its best efforts to make a sale, he gave it the sole option to sell for one year, the company to have for its services all received in excess of $8,000. This was clearly nothing more than an exclusive option to sell. It did not contemplate that the company would buy. It was not a contract of sale. There is evidence that the company, or some of its officers, the evidence not being very definite, intended to take the property, if unable to make a sale, and that it so informed the defendant. The contract was not such as became binding as a contract of sale upon both parties by delivery and acceptance. Gregory Co. v. Shapiro, 125 Minn. 81, 145 N. W. 791; Wilson v. Hoy, 120 Minn. 451, 139 N. W. 817; Western Land Assn. of Minn. v. Banks, 80 Minn. 317, 83 N. W. 192. There was nothing to accept. The existence of the option was not communicated to the plaintiff. If it had been it might have operated as a revocation of her authority. Of itself it was not a sale nor was it an effective revocation of the plaintiff's authority.

The defendant claims that the listing agreement, together with the understanding with the officers of the company, amounted to a sale, though unenforceable within the statute of frauds, and that he was thereby relieved of liability to the plaintiff, though she found a purchaser. The court submitted to the jury the question whether what

was done in connection with the listing option amounted to a sale and gave the instruction, in effect, that if it did the plaintiff could not recover. This was sufficiently favorable to the defendant, conceding that the doctrine stated in Mott v. Ferguson, 92 Minn. 201, 99 N. W. 804, to the effect that the broker cannot raise the objection that the agreement between his principal and another was within the statute of frauds, has the application for which the defendant contends. The evidence of an oral agreement of sale between the company and the defendant was not at all conclusive.

3. The court submitted to the jury whether such an agreement was had on June 28, 1912, that the defendant was liable to the plaintiff for a commission. There was evidence justifying such submission. The defendant claims that such an issue was not made by the pleadings. This is so. While the question is not free of doubt we are of the opinion that the issue was voluntarily litigated.

4. Evidence was received, over objection, as to the efforts put forth by the plaintiff to find a purchaser. Very little was received after objection was made. The action was on a contract for an agreed compensation for finding a purchaser. Such evidence is incompetent upon such an issue. Here, however, the plaintiff's testimony is that she communicated the fact of her efforts to the defendant; and there being a controversy as to the fact of her authority, it was competent. Besides, it seems to us conclusively shown, that the plaintiff did find a purchaser, and, if so, the evidence was not prejudicial.

Other errors assigned do not require specific mention.

Order affirmed.