## CONFER BROS. v. F. W. CURRIER.[1]

July 10, 1925.

No. 24,736.

**Reasonable value of broker's services litigated by consent.**
1. The reasonable value of the services of a real estate broker, who produced a purchaser to whom the owner of the property made a sale thereof, though not in issue under the pleadings, was litigated by consent.

**Broker's contract competent evidence of his services after its termination.**
2. The contract under which the broker had been employed, which fixed the commission to be paid, was competent evidence of the reasonable value of services rendered after the termination of the contract.

1. See Appeal and Error, 3 C. J. p. 727, § 623.
2. See Work and Labor, 40 Cyc. p. 2849.

[1] Reported in 204 N. W. 929.

See under (2) 4 R. C. L. 336; 1 R. C. L. Supp. 1123; 4 R. C. L. Supp. 267; 5 R. C. L. Supp. 240.

Action in the municipal court of Minneapolis. The case was tried before Nordbye, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Robert M. Works*, for appellant.

*LeRoy Bowen*, for respondent.

LEES, C.

This is an action by a real estate broker to recover a commission. The appeal is from a denial of defendant's motion to vacate the verdict and grant a new trial.

On October 16, 1922, the parties entered into a written contract whereby defendant gave plaintiff the exclusive right to sell certain property within 60 days. The expiration of that period did not put an end to the agency, for the contract provided that the right to sell and receive the stipulated commission was to continue until the contract was terminated "by ten days' written notice," and that if, within three months after the termination thereof, the defendant sold the property to a person with whom plaintiff had negotiated for a sale thereof, plaintiff was to receive the same commission as if it had made the sale, provided defendant had knowledge of such negotiations.

After pleading the contract the complaint alleged that plaintiff was to receive a commission if it produced to defendant a purchaser ready, willing and able to buy the property on the terms mentioned in the contract; that plaintiff entered upon the performance of the contract, advertised the property, and negotiated with various persons for the sale thereof, among them Mrs. James J. Gerber; that defendant was advised of the negotiations with Mrs. Gerber; that plaintiff produced her to defendant; and that shortly thereafter defendant sold the property to her.

The answer admitted that the parties agreed that plaintiff should receive the commission mentioned in the contract if it found a pur-

chaser within 60 days, and alleged that none was found within that period and that the contract had been abandoned long prior to the sale to Mrs. Gerber.

The court instructed the jury that plaintiff might recover on any one of three theories: (1) If the sale to Mrs. Gerber was made while the contract was still in force; (2) if the sale to her was made within three months after the contract was terminated; (3) if plaintiff was the procuring cause of the sale, although more than three months had elapsed since the termination of the contract, the recovery in that event to be limited to the reasonable value of plaintiff's services.

No fault is found with the first or second branch of the instructions, but the third is challenged on the ground that neither the pleadings nor the proof warranted a recovery on the theory mentioned.

The property was sold for $14,000. If the jury adopted either the first or second theory, the amount of the verdict should have been $475, that being the commission for which the contract provided. A verdict of $312 was returned. It must be assumed, therefore, that the jury adopted the third theory and rejected the first and second.

We have held that there may be a recovery of the reasonable value of the services of a real estate broker in procuring a purchaser of the property notwithstanding the termination of his contract of employment or his failure to carry out the express contract. Reishus-Remer Land Co. v. Benner, 91 Minn. 401, 98 N. W. 186; Coon v. St. Paul Park Realty Co. 101 Minn. 391, 394, 112 N. W. 526, 862. It is probable that these decisions are based on the theory that by accepting the benefits of a broker's services, rendered in part before and in part after the contract ceased to be in effect, a landowner, who knows that the broker is attempting to effect a sale and consents to the performance of the services, becomes liable as upon a quasi-contractual obligation for the reasonable value of the benefits he received.

We have also held that a recovery on a quantum meruit cannot be had unless the reasonable value of the services was pleaded and proved, Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L. R.

A. (N. S.) 254, Ann. Cas. 1915C, 882; Sperry Realty Co. v. Merriam Realty Co. 128 Minn. 217, 150 N. W. 785, and that, in an action to recover for services rendered, the plaintiff may allege both contract price and reasonable value, offer evidence as to both and, upon failure to prove contract price, may recover reasonable value. Kruta v. Lough, 131 Minn. 13, 154 N. W. 514.

In the instant case, plaintiff merely pleaded the contract and announced at the trial that it stood on it, hence there could not be a recovery on a quantum meruit, unless the reasonable value of plaintiff's services was voluntarily litigated. While the record is not entirely clear as to this, it appears that defendant introduced evidence showing that the contract was abandoned in May, 1923, and that plaintiff rendered no services thereafter, and plaintiff introduced evidence showing that the contract was neither terminated nor abandoned; that as late as October, 1923, plaintitff was still negotiating with Mrs. Gerber and so informed defendant; that early in November defendant took up the negotiations personally and requested plaintiff to take no hand in them because Mrs. Gerber preferred to deal directly with him, and promised to pay plaintiff a commission if she bought the property. In this state of the record we hold that the reasonable value of plaintiff's services was litigated by consent. Wright v. Waite, 126 Minn. 115, 148 N. W. 50.

Was there proof of the reasonable value of the services?

If defendant made the sale to Mrs. Gerber while the contract was in force, or within three months after it had been terminated by notice, plaintiff was not bound to sue on the contract, but might sue on the common counts as for a debt, the measure of recovery being the contract price and nothing beyond that price. 2 Sedgwick, Dam. § 655f.

The rule is that where a recovery is sought as upon a quantum meruit, the contract price, as far as practicable and equitable, furnishes the measure of damages. 2 Sedgwick, Dam. § 662.

When a party to a contract sues "the other upon the implied contract to pay for the benefit he has received * * * the special

contract marks the maximum of the measure of damage." Edward Thompson Co. v. Kollmeyer, 46 Ind. App. 400, 402, 92 N. E. 660.

In Reifschneider v. Beck, 148 Mo. App. 725, 735, 129 S. W. 232, where there was an express contract between the parties specifying the price to be paid for performance, the court said:

"Plaintiff had a clear right to abandon this contract and sue in assumpsit, and if an express contract had been proven, notwithstanding the suit was not on it but on a quantum meruit  *  *  * the measure of the recovery by plaintiff would be the amount stated in the contract.  *  *  * While he cannot, having sued on an implied contract, recover on the express contract, on a contract being proven he cannot recover by way of damages more than the amount stipulated in the contract."

See also Holloway v. White-Dunham Shoe Co. 151 F. 216, 80 C. C. A. 568, 10 L. R. A. (N. S.) 704.

In the case at bar the verdict requires us to assume that the written contract was not performed; that defendant had the benefit of plaintiff's efforts to effect a sale to Mrs. Gerber and that these efforts were put forth with defendant's knowledge. Upon this assumption, was the contract, supplemented by no other evidence of the value of plaintiff's services, sufficient proof of their value to warrant the jury in returning a verdict for an amount less than the contract price?

An interesting discussion of the evidentiary effect of an unenforceable or an unperformed contract is found in Keener, Quasi Contracts, p. 289, et seq. In substance the author says that where the law imposes an obligation to make restitution of the value received under such a contract, although the price named in the contract cannot determine the amount of plaintiff's recovery, yet, as the contract has stated in terms the valuation put by each party on the services rendered or goods sold, it should be admitted as containing evidence legally relevant on the question of the actual value of the services or goods, and for that purpose either party should be allowed to use it as an admission against interest.

This is so because the same instrument may be used for several purposes. It may be invalid or unenforceable as a contract, and yet

be used as evidence without reference to the fact that the instrument in terms is also a contract. The weight to be given to the contract as evidence is a question for the jury and depends on the circumstances of each case. Under some circumstances the contract price may not be even prima facie evidence of the amount which plaintiff should recover on a quantum meruit.

In the present case it must be assumed that Mrs. Gerber purchased the property more than three months after the termination of the contract. She was produced by the plaintiff; she was a person to whom plaintiff had repeatedly and continuously attempted to sell the property; she would not have gone to the defendant but for plaintiff's active and recent negotiations for the sale, which was made at the price defendant had set on the property. All this was known to defendant when he took charge of the negotiations. The services plaintiff rendered were covered by the contract. Their value would have been determined as a matter of law by a reference to the contract had the sale been made within three months after its termination instead of five or six months thereafter. Plaintiff did all it was required to do to earn the stipulated commission with one exception. It did not produce a purchaser within the time fixed by the contract. Aside from the loss of interest for a few months, defendant realized all the advantages of a sale made within the life of the contract or within three months after it ended.

If, in these circumstances, the commission to be paid, as fixed by the contract, was not a fair criterion of the reasonable value of plaintiff's services, it is difficult to conceive of a case where the contract price can ever be competent evidence of the value of services rendered to a party to the contract, with his consent but after the contract has expired.

We hold that the contract furnished a sufficient basis for a recovery of the amount determined by the jury to be the reasonable value of plaintiff's services.

Order affirmed.

Mr. Justice Holt took no part.