# LANE MacGREGOR AND OTHERS v. DAVID PERSHA.[1]

March 16, 1928.

No. 26,535.

**When a broker is procuring cause of sale of real property and may recover his commission.**

1. When a real estate broker, employed to find a purchaser for real property, finds such a purchaser and brings the parties together and they conclude a contract of sale, the broker is the procuring cause of the sale and may recover commission therefor, even if the principal obtains and accepts a lesser price for the property than the price given to the broker, provided the broker's commission was not made conditional on his obtaining a sale at the greater price given to him.

If the agency of the broker was lawfully terminated, or if he abandoned or ended his negotiations with the purchaser before the sale, then he would not be the procuring cause thereof.

**Admission of unsigned earnest money contract for limited purpose was not reversible error.**

2. Receiving in evidence a written contract form, made by the broker in the presence of the purchaser and containing the offer then made by the purchaser to the broker, but not signed by the purchaser and not shown or disclosed to the principal, *held* not reversible error, where same was received for the limited purpose of showing the negotiations and efforts made by the broker to effect the sale.

**Verdict was for correct amount.**

3. No error appears as to the amount of damages allowed.

Appeal and Error, 4 C. J. p. 969 n. 56.
Brokers, 9 C. J. p. 563 n. 43; p. 578 n. 40; p. 601 n. 56; p. 621 n. 50.

See note in 15 L.R.A.(N.S.) 272; 34 L.R.A.(N.S.) 1050; 4 R. C. L. 322.

Action in the municipal court of Duluth to recover a broker's commission for procuring a purchaser for defendant's house and lot. There was a verdict for plaintiffs, and defendant appealed to the district court from an order, Funck, J. denying his alternative

[1]Reported in 218 N. W. 462.

motion for judgment or a new trial. From an order of the district court, Fesler, Magney, Grannis and Kenny, JJ. affirming the order of the municipal court, defendant appealed. Affirmed.

*Rollo N. Chaffee* and *Chauncey C. Colton,* for appellant.

*Fryberger, Fulton, Hoshour & Boyle,* for respondents.

OLSEN, C.

Plaintiffs brought this action in the municipal court of Duluth to recover a· claimed broker's commission for procuring a purchaser for a house and lot. Plaintiffs are real estate brokers and claim that defendant employed them to find a purchaser for the property; that the first price given them was $10,500, later reduced to $10,000; that they were to have a commission of $500; that they found one Johnson as a prospective purchaser, who offered to buy if he could turn in an automobile as part of the price; that they submitted the offer to defendant and informed him that Johnson was negotiating with them for the purchase; that defendant refused to take the automobile as part payment; that they continued negotiations with Johnson, and shortly after the first offer he offered to buy the property for $9,500 without trading in the automobile; that they prepared an earnest money contract in the presence of and on terms offered by Johnson, who agreed to come in and pay the earnest money and sign the contract, but failed to do so; that they did not submit this contract or offer to defendant, but continued to see Johnson and endeavored to have him sign up; that they kept in touch with both Johnson and defendant; that while their negotiations with Johnson were still pending, he and defendant came together and defendant sold the property to Johnson for $9,500. The offers by Johnson to plaintiffs were made in June. The sale by defendant to Johnson was made about four months later. Plaintiffs had advertised the property for sale, had taken Johnson and other prospects to examine it, and claim that their negotiations with Johnson had not been abandoned or terminated but continued up to the time of the sale. There was no exclusive agency. Defendant claims that he employed plaintiffs to sell or find a purchaser for the property for $10,000 net to him, that their commission was to be anything

above that sum which they were able to obtain, and that no other or different agreement was made. He also claims that plaintiffs never submitted any. offer from Johnson to him and never informed him that Johnson was a prospective buyer or negotiating for the property, and never mentioned Johnson to him. He further claims that any negotiations between plaintiffs and Johnson were terminated and abandoned by plaintiffs long before the sale.

There was a jury trial and the court submitted all issues to the jury in a fair charge, to which no exceptions or objections are made. The jury found against defendant and returned a verdict for plaintiffs for $475 and interest. The case comes here on appeal from the order of the district court affirming the order of the municipal court denying defendant's motion for judgment or a new trial.

1. Defendant contends that the verdict is not sustained by the evidence. A careful examination of the record leads to the conclusion that there is evidence sufficient to sustain the verdict under the rule governing this court in reviewing evidence upon issues of fact.

When the broker is the procuring cause of a sale, by finding a purchaser and bringing the parties together and they conclude a contract of sale, the broker is not deprived of his commission by the fact that the principal obtains and accepts a lesser price for the property than the price given to the broker, provided the commission is not made conditional on the obtaining of a sale by the broker at the greater price given to him.

If the agency of the broker was lawfully terminated, or if he abandoned or ended his negotiations with the purchaser before the sale, then he would not be the procuring cause thereof. Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426; Coon v. St. Paul Park Realty Co. 101 Minn. 391, 112 N. W. 526, 862; 9 C. J. 600-602; Lerner v. Harvey, 189 Mich. 249, 155 N. W. 427; Carnes v. Finigan, 198 Mass. 128, 84 N. E. 324; Weeks v. Smith & Sons Co. 79 N. J. L. 388, 75 A. 773; Martin v. Silliman, 53 N. Y. 615; Keys v. Johnson, 68 Pa. 42.

The evidence is sufficient to sustain a recovery under these rules, and the decisions of this court cited by defendant's counsel do not

appear to depart from such rules and are earlier cases than the Hubachek case.

2. Defendant assigns error upon the reception in evidence of a duplicate or office copy of the earnest money contract form prepared by plaintiffs in their office in the presence of Johnson but which he had failed to sign. This document was not brought to the attention of defendant until the trial and had no force or validity without Johnson's signature. The court admitted it for the limited purpose of showing some of the work done by plaintiffs in the matter and with the understanding that the defendant had not before seen it and that Johnson had never signed it. The drawing of the instrument in the presence of Johnson, and the fact that it embodied the terms offered by him, had already been testified to orally without objection. The document might well have been excluded. But under the evidence already received and as limited by the court, prejudicial error, if error there was, is not shown. Courts have held that, for the purpose of showing the negotiations and efforts made by the broker to procure a purchaser, advertisements, letters and memoranda made by the broker may be admitted. Decker v. Widdicomb, 137 Mich. 331, 100 N. W. 573; Ross v. Major, 178 Mo. App. 431, 163 S. W. 880; Loving v. Kane, 180 Ill. App. 614.

3. The damages awarded were the proportionate amount that would be earned on a sale at $9,500 at the same rate as $500 on a sale at $10,000, and on further evidence as to the usual rate of commission being five per cent on sales up to $10,000. No error appears as to the amount allowed.

Order affirmed.