HENRY ROTHSCHILD and others *vs.* ANNIE BURRITT, impleaded, etc.

July 21, 1891.

Real-Estate Broker—Commission, when Earned—Cancellation of Contract between Principal and Purchaser.—Under a general denial in an action brought by real-estate brokers to recover the amount of their commissions, as agreed upon, for procuring a purchaser for defendant's property, the latter cannot be permitted to show that, subsequent to the procurement of the customer and the execution by him of a written agreement to purchase at the price and on the terms proposed and fixed by defendant, the entire transaction and the customer's agreement were cancelled and abandoned by consent of all parties.

Same—Immaterial Evidence—Harmless Error.—As it was not necessary, in order to recover in such an action, for plaintiffs to prove that the property in question had been conveyed to their customer, testimony on the point was immaterial, and consequently defendants were not prejudiced by its introduction.

Appeal by defendant Annie Burritt from a judgment (of $162.90) of the municipal court of St. Paul, in an action against herself and her husband to recover commissions for services rendered by plaintiffs in procuring a purchaser for real estate belonging to her.

*Ewing & Ewing*, for appellant.

*Munn, Boyesen & Thygeson*, for respondents.

COLLINS, J. The answer in this action was a general denial, thus putting in issue the allegations of the complaint as to the rendition of services by plaintiffs, at the defendants' request, in selling real property belonging to appellant, for which services the defendants had promised to pay a certain sum of money. From the settled case it appears that a portion of the testimony received upon the trial, on all of which the court necessarily based its findings of fact, has been omitted. In the absence of any part of the evidence, the presumption is that the findings were amply sustained by the testimony offered and received without objection, the same being considered by all parties as strictly within the issues presented by the pleadings. From the findings, which conclude the defendant, appellant, on the facts, it appears that plaintiffs, as real-estate brokers, and at the defendants' request, procured a customer for certain real property owned by appellant, at a price and on terms which were satisfactory and accepted by her, for which services she agreed to pay as brokers' commissions the sum of money for which judgment was ordered; that this customer thereupon entered into a written agreement to purchase the property, paid a part of the stipulated price to plaintiffs, stood ready, willing, and able to comply with the terms of his agreement, and, further, that the property was subsequently conveyed to him. On these findings, and the conclusion of law which naturally followed, it is obvious that plaintiffs were entitled to judgment, unless the court erred during the progress of the trial in some of the rulings complained of by appellant.

1. The written agreement above mentioned was properly received in evidence, as tending to establish the cause of action set up in the complaint, the rendition of services in the sale of the property by the plaintiffs.

2. The testimony whereby appellant attempted to show that, after the respondents had found a purchaser for her property upon the terms authorized by her, as well as after the agreement to purchase had been signed by the customer and by appellant's husband, one of the defendants, in her behalf, she notified the plaintiffs that she repudiated their acts, and would not complete the sale; and that thereupon the agreements between the parties—that under which the plaintiffs had rendered their services, and that also entered into in writing by the purchaser and appellant's husband for her—were cancelled and abandoned, was properly excluded by the trial court. The plaintiffs had earned their commissions when they produced a customer ready, willing, and able to take the property on the terms previously proposed and fixed by appellant, and could not then be deprived of the same by her refusal to consummate the sale. She offered to show, however, that, after earning their commissions, the entire transaction was abandoned, and the contract under which they had become entitled to recover cancelled by mutual consent. This class of testimony was incompetent and inadmissible under the pleadings, in whatever form it was presented. At most, it amounted to evidence of a waiver and release by plaintiffs of their right to commissions for making a sale, and already earned. If of any value whatever as a defence, it could not be shown under a general denial. It was a special defence, in avoidance, and should have been alleged in the answer if relied upon. See *Brown* v. *Eaton*, 21 Minn. 409; *Lautenschlager* v. *Hunter*, 22 Minn. 267. These views are applicable also to the matters covered by appellant's seventh assignment of error.

3. In order to recover, it was not necessary for plaintiffs to allege or prove that the property in question had been conveyed to their customer, having previously proved facts on which the court could properly find that their compensation had been earned. The testimony on this point was immaterial, and consequently not prejudicial to appellant.

Judgment affirmed.