| 110 | 153 |
|-----|-----|
| 144 | 412 |

## STANGE *v.* GOSSE.

AGENCY—SALE OF REAL ESTATE—FAILURE OF TITLE—COMMIS-
SIONS.

> A real-estate agent, having secured a purchaser for lands upon
> which he had acquired an option, is not precluded from
> recovering his commission from the owner by the fact that
> the contract of sale subsequently entered into between the
> purchaser and the owner required the latter to furnish an
> abstract showing a good and perfect title, which provision
> was not expressly included in the option, and that the sale
> failed by reason of the inability of the owner to show such
> title.

Error to Wayne; Hosmer, J. Submitted June 17,
1896. Decided July 8, 1896.

*Assumpsit* by Edward Stange against Anthony Gosse
for commissions on the sale of real estate, and for money
advanced on the purchase price. From a judgment in
his favor for less than the amount claimed, plaintiff
brings error. Reversed.

On March 4, 1893, the defendant and his wife executed
and delivered to Charles Cohn an option for the sale of a
farm of 80 acres, for the sum of $24,000, the option to
expire May 11, 1893. The terms of the sale were to be
$500 down, balance to be paid after the papers were
examined. Cohn was to receive 2 per cent. from the
amount for his services. Upon the margin was written:

"$12,000. Balance with 6 per cent., on or before five
years."

March 10, 1893, Cohn assigned and transferred to plain-
tiff all his right, title, and interest in and to the said con-
tract and option. Immediately after the execution of this
option, Cohn negotiated with plaintiff for the purchase of
the property; and on March 8th a land contract was

entered into between defendant and his wife and the plaintiff, by which the defendant agreed to sell the land to him for $24,000,—$500 to be paid on the delivery of the contract, $7,500 "within 60 days from date, or as soon as a Burton abstract is furnished showing a good and perfect title in said grantors, and the balance of $16,000 within five years from date." This contract was drawn by William Look, an attorney, who appears to have acted for both parties in so doing. When the abstract was furnished, it did not show a perfect title in the defendant. The original title stood in Francis Gosse, who obtained it from the United States in 1833. Francis Gosse was dead, but his estate had not been probated, and there was therefore no record determination of heirship. He left a widow and several children, one named Anthony Gosse, the father of defendant. Anthony Gosse died intestate, in 1866, leaving a widow, who was appointed administratrix. A bond and inventory were filed, but no further proceedings were had, and it does not appear of record who were his heirs. Five hundred dollars was paid upon the execution of the contract. The defendant did not have a good and perfect title of record, and could not, therefore, enforce the contract against the plaintiff without furnishing such a title. This was not done, and subsequently the plaintiff instituted this suit to recover the $500 paid, and the commission. The court directed a verdict for the plaintiff for the amount paid, but held that he was not entitled to the commission.

*Thomas S. Jerome*, for appellant.

*Wilkinson & Post*, for appellee.

GRANT, J. (*after stating the facts*). The objection made by the defendant to the recovery for the commission is that neither a complete sale nor an enforceable contract was made, and that the contract was made nonenforceable by the insertion of the clause as to an abstract showing a perfect title, and in this respect differed from the

sale which Cohn was authorized by his option to effect. The theory of the plaintiff is that, in every land contract where the contrary intent is not expressed, an agreement is implied to give a good title, clear of all defects and incumbrances; that he had fully complied with his option in securing a purchaser; that the failure to comply with the contract of sale was the fault of the defendant; and that he had earned his commission when he had brought a purchaser and the contract was executed.

The abstract produced did not show a good, marketable title in the defendant. Titles to land usually appear of record. Parties rely upon the record or upon abstracts thereof in making purchases. In every land contract the vendor impliedly agrees to convey a good, marketable title. This should appear by titles of record or title deeds unrecorded, or by due proof of heirship where title is thus obtained. A vendee does not agree to buy lawsuits, nor to rely upon adverse possession in the vendor. The abstract showed an undivided one-seventh interest in this land outstanding, and the parol testimony showed that the title to this was in John Gosse, the son of Francis Gosse. The record in this case does not conclusively show that John Gosse was dead, or that he never married. Defendant first testified that he did not know whether his uncle John was ever married, and that he had heard that he was dead. He afterwards testified that he was not married. Plaintiff was not required to accept a deed from the defendant under such defect in the title. Whether the defendant would, in any event, be required to show a good title by the record in the office of the register of deeds, we need not determine. It was reasonable that he should contract to do so. Parties do not usually buy without proof of such record title. Defendant has made no case which would be a defense even if the contract did not provide that the abstract should show a perfect title. He dealt with Mr. Cohn upon the assumption that he had a good title. The failure was not the fault of Mr. Cohn or of plaintiff. We therefore think that the defendant

was not in position to defend against his contract for commission by this provision of the contract to sell. Under the record as it now stands, the plaintiff was entitled to judgment for the commission, as well as for the part of the purchase price paid.

Judgment reversed, and new trial ordered.

The other Justices concurred.