## MARTIN GORMAN v. G. C. HARGIS.

(Filed July 30, 1897.)

1. VERDICT—*Conflicting Evidence.* A judgment sustaining a verdict of a jury will not be reversed by this court on the ground that it is against the weight of the evidence, where there is positive proof to support the verdict.

2. REAL ESTATE AGENT—*Commission.* The fact that a real estate agent may seek to induce the owner of property to accept a less price than he has authorized the agent to sell the property for does not cause a forfeiture of the agent's commission, even though the agent might know, or have reason to believe, he could obtain the purchaser's price for the property.

3. SAME—*Ownership of Property.* It is no defense to a suit to recover a commission for the sale of real estate that the person who places the property in the hands of the real estate agent or broker for sale, is not the owner of the property, or that there is a defective title thereto.

4. AGENCY—*Instruction.* An instruction to the effect that the plaintiff in the suit would be bound by a statement made by the defendant to one whom the plaintiff sent to the defendant with a message concerning the business matter out of which the suit grew, contains nothing of which the defendant could complain.
(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*H. R. Thurston,* for plaintiff in error.

*Cotteral & Hornor,* for defendant in error.

Action brought by Hargis against Gorman to recover a commission alleged to be due upon a sale of real estate for Gorman. Verdict was given for plaintiff for $40, and judgment thereon rendered, with costs; from which the defendant appeals. Affirmed.

Opinion of the court by

BIERER, J.: It is claimed on behalf of plaintiff in error that the verdict is against the weight of the evidence, and is not such an one as should be returned. We do not agree with this statement. The evidence as it is contained in the record, and even as it is set out in counsel's brief, does not support it. It shows by the clear and positive evidence of the plaintiff and the witness Laws that an agreement was made to pay the plaintiff a commission of five per cent. on the sale of the property at $850, and it is also shown by the purchaser of the property that he agreed to purchase the property at that sum. The evidence of the defendant was in no way sufficient to overcome this proof. But even if it were true, as stated by counsel, that the verdict is against the weight of the evidence, that would be no reason to reverse this case, for it is the universal rule that appellate courts will not disturb a judgment of the trial court in sustaining a verdict based on conflicting evidence, where there is evidence to support it.

The second contention is that the trial court erred in refusing to give the following instruction:

"If the jury believe from the evidence that plaintiff was authorized by defendant to find a purchaser for the defendant's premises upon certain terms and for a certain price. and the plaintiff, either knowing or having reason to believe that he could obtain a purchaser at these terms, sought to induce the defendant to accept a less price than defendant had proposed, the plaintiff by such conduct forfeits the right to any commission."

There was, manifestly, no error in refusing to give this instruction. It is not claimed that the plaintiff did induce the defendant to accept a less price for his property

than was agreed upon, and he could therefore not have been injured by any conduct of the plaintiff, even if it had amounted to bad faith, as claimed by the defendant. There is nothing, however, to prevent an agent from seeking to induce the owner of property to lower his price therefor.

Nor did the court err in giving the following instruction:

"You are further instructed that the law presumes that a party who gives to a real estate agent or broker property to be sold by said real estate agent or broker on commission without giving said agent or broker any information to the contrary has a good and sufficient title to such property, and that if the real estate agent or broker procured a purchaser who is ready, able and willing to buy said property at the price listed or given by said party, then and in that event the real estate agent or broker is entitled to his commission, unless such party, prior to the time said purchaser has notified said real estate agent or broker of any defect or defects which may exist in his title to such property or has revoked his authority to sell before negotiations of sale are pending."

Stated in other language this instruction simply means that it is no defense to a suit of an agent to recover h's commission for the sale of property, that the person for whom he has sold it is not the owner of the property. A statement of the proposition would seem sufficient, without discussion.

It is also claimed that the court erred in instructing the jury that if the plaintiff sent Laws to the defendant with a message about the property, then the plaintiff made Laws his agent, and the defendant's telling Laws that he had withdrawn the property was the same as telling the plaintiff. There was no error in this of which

the defendant could complain. It would be a very broad rule concerning the law of agency, to bind the plaintiff by a statement made by the defendant to Laws, then acting for the plaintiff, and which statement was not by the instruction confined to the scope of the employment of Laws by the plaintiff. But this could do the defendant no injury.

The judgment of the court below is affirmed.

Dale, C. J., who presided in the court below, not sitting; all the other Justices concurring.