MOSES T. YODER, v. W. A. RANDOL AND E. R. NIX, *co-part-ners doing business as* RANDOL AND NIX.

(Filed September 8, 1905.)

1. **REAL ESTATE BROKERAGE—Petition—When Sufficient.** Where a petition properly alleges a contract of employment in relation to the sale of real estate, and avers facts showing a full performance of the broker's duty to his employer, and the accomplishment of all he undertook to do, under his contract: Held, a sufficient pleading as against demurrer, of a cause of action for compensation for such services.

2. **SAME—Duty of Broker.** As a general rule, the entire duty of a broker employed to assist in the sale of property, is to find and introduce or report to his employer a person who is willing and able to purchase at the price and upon the terms which the employer has designated, although this rule is to be applied as abridged or extended, in any specific case, by the terms of the contract of employment.

3. **SAME—Judgment on Pleadings—When Proper.** Where the essential averments of a petition in an action for commission earned as real estate brokers, are the contract of employment and a full compliance with the terms thereof, and the answer, after a general denial, definitely recognizes the procurement of a purchaser by the plaintiffs for the land in question, and an acceptance of the purchaser by the land owner, and discloses further the execution of a binding, valid, and enforceable contract of sale between the two and an agreement to compensate the brokers in accordance with the terms of the contract of sale: Held, that in such case, a motion by plaintiffs for judgment on the pleadings was properly sustained, and the trial court committed no error in rendering judgment for the plaintiffs thereon.

4. SAME—Right to Compensation—When not Defeated. Where a broker has fully performed his undertaking by producing a person ready, willing and able to purchase his employer's property at the price and upon the terms stipulated, and the land owner has accepted the purchaser so procured and entered into a binding and enforceable contract with him, the broker is entitled to his commission, and his right thereto is not defeated by the fact that the purchaser refuses to consummate the transaction because of a defect in the land owner's title to the property, where knowledge of such defect was not communicated by the employer to the broker at the time of entering into the contract of employment with him.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before C. F. Irwin, Trial Judge.*

*Harkins* and *Jones*, for plaintiff in error.

*Geo. T. Webster*, for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action brought by defendants in error for commission on the sale of certain real estate under a contract of employment with plaintiff in error. Defendant below demurred to the amended petition, which was overruled. He thereafter filed a general denial, verified, coupled with certain allegations and admissions, to which plaintiffs replied, and filed their motion for judgment on the pleadings. This motion was sustained, and judgment rendered for defendants in error, and plaintiff in error brings the case here for review.

The action of the trial court in overruling the demurrer of plaintiff in error to the amended petition, and in sustaining the motion for judgment upon the pleadings and rendering judgment thereon, are the errors to which our attention is directed.

As to the first ground relied upon, it may be stated as a general rule, the entire duty, and also, the limit of authority, of a broker employed to assist in the sale of property, is to find and introduce or report to his employer a person who is willing and able to purchase the property at the price and upon the terms which the employer has designated. 23 A. & E. Enc. of Law, 900.

And, in any specific case, the general rule is of course abridged or extended in accordance with the particular contract of employment, and to such contract, in controversies as to right of compensation, reference must be had for guidance in determining whether or not the broker has performed his full duty towards his employer, and accomplished all he undertook to do. *Millan v. Porter,* 31 Mo. App., 563; *Maze v. Gordon,* 96 Cal., 61.

To plead properly, therefore, such a cause of action, it is incumbent upon the plaintiff to incorporate in his petition the requisite allegations of employment, followed by sufficient averments of a compliance with that contract on his part to show he has accomplished the whole of what was entailed upon him thereby.

In the case at bar, to apply these general rules thereto, the amended petition alleges that the defendants in error were "To find for said defendant a purchaser" for the land concerned, "at the agreed price of $2750.00, this sum to be net to the said defendant," and that plaintiffs were to receive as their compensation for "such services, a commission, which defendant agreed to pay, equal to the difference between the net price of $2750.00, thus set by the said defendant, and the contract price agreed to by the proposed purchaser."

This, of course, constitutes the contract of employment, specifies the amount of compensation, and defines the conditions upon the full accomplishment and pleading of which depended the right of plaintiffs below to maintain their action.

To meet, then, the requirements of a compliance with their contract, plaintiffs alleged, in the language of their amended petition, that they "immediately began to search and labor for a purchaser, and finally, on August 15, 1903, they introduced to said defendant.... one H. J. Vandenburg as a purchaser for said land, at the agreed price of $3000.00, and said defendant being satisfied with said purchaser, then and there.... entered into a written contract with said H. J. Vandenburg for the sale of said land, and has since then duly conveyed said land to said purchaser, and did then and there agree to pay the plaintiffs the sum of $250.00 for said services so rendered to defendant," followed by averments of a demand for payment and refusal thereof.

Under the contract of employment, which the demurrer admitted, the entire duty of the plaintiffs below consisted in finding a purchaser for the land, at the agreed price of $2750.00, net to the said defendant, with the usual proviso attached by the law that the purchaser be ready, willing and able to buy; and the full performance of such duty was necessary to be pleaded, together with an allegation of the contract of employment, to render the petition proof against demurrer, and entitle plaintiffs to recover.

The allegation as to compliance is that they, the plaintiffs, "introduced to said defendant one H. J. Vandenburg as a purchaser for said land, at the agreed price of $3000.00," and there being no question raised here or in the court below

as to the willingness of the purchaser to buy or as to his financial ability to consummate a purchase, we think this allegation is amply sufficient to meet the requirements of the contract, that plaintiffs below were to "find a purchaser for said land, at the agreed price of $2750.00." It follows, therefore, the demurrer to the amended petition was properly overruled.

The action of the court below in sustaining the motion for judgment on the pleadings and rendering judgment thereon is the subject of particular complaint by plaintiff in error, for the reason, as he says "there were certain questions of fact raised by the pleadings which were material to the rights of plaintiff in error, and which should have been determined by the court or jury."

Now, the material allegations in the amended petition some one or more of which it was necessary for defendant below to deny in order to raise successfully a direct and essential question of fact, are the contract of employment, the procurement by plaintiff of a purchaser at the agreed price of $3000.00, and that as a result of their procurement of a purchaser, such purchaser and the plaintiff in error entered into a written contract for the sale of the land at said price of $3000.00.

The answer, as stated before, while it contained a general denial, in another paragraph admitted all the allegations of the petition and if there be a basis for the action of the court below in sustaining the motion for judgment on the pleadings, it must be found, it would seem in the admissions, in that part of the answer following the general denial.

After the allegation of certain facts not material for the purpose of this discussion, it is alleged by plaintiff in error that "he entered into a written contract with H. J. Vandenburg for the sale of said land, and that in accordance with the terms of said contract, the defendant was to make deed to said Vandenburg for said land, and that the said H. J. Vandenburg agreed to pay as the purchase price for said land the sum of $3000.00," and that "he agreed to pay the said plaintiffs, Randol and Nix, any excess above $2750.00 which he should receive from the said H. J. Vandenburg for said land, in accordance with the contract then and there entered into between defendant and H. J. Vandenburg for the sale of said land."

Now, thus far, considered in its application to those allegations of the amended petition above mentioned, the answer not only plainly fails to rebut the averment of employment and of a compliance with the terms of the contract, but, on the other hand, definitely and distinctly recognizes the procurement of Vandenburg by plaintiffs below as the purchaser for the land in question, pleads an acceptance of the purchaser by the land owner, and discloses the execution of a binding, valid and enforceable contract of a sale between the two. This, if unqualified by the pleading, in any other portions would of itself entitle plaintiffs to judgment, for the rule seems established that where the purchaser presented by the broker is accepted by his employer, and the land owner and the purchaser enter into a binding, valid and enforceable contract of sale, the broker is entitled to his commission. 23 A. & E. Enc. of Law, 2nd. ed., 917; *Betz v. Williams. etc., Land Co.,* 46 Kans. 45; *Whitaker v. Engle* 111 Mich. 205; *Rotschild v. Burnitt.* 47 Minn. 28; 49 N. W. 393; *Gibbons v.*

·*Sherwin,* 28 Neb. 146; *Gilder v. Davis,* 137 N. Y. 504; *Mattes v. Engel,* 15 S. Dak. 330.

And when this is the language of the answer, not tempered by other allegations in the pleading, it certainly would seem to us not only insufficient to constitute a defense, but an adequate foundation, in connection with the amended petition and reply, to base thereon a judgment for plaintiffs below, on the pleadings.

And from a careful consideration of the entire answer, we cannot say that plaintiff in error successfully opposed those essential averments of the amended petition which it was obligatory upon him to rebut. Nor is he aided by the exculpatory plea in his answer by which he seeks escape from liability, that "he presented to said H. J. Vandenburg a deed for said land, together with an abstract, and that said abstract showed a cloud upon the title of said land, and the said H. J. Vandenburg refused to accept the same or pay anything therefor," for no condition of the obligation or contract of employment he had entered into with the brokers demanded an absolute showing of perfect title before compensation was due them, and although the law might perhaps connect with every obligation not otherwise specific in its terms applicable thereto, the requirement of good title, yet the right of defendants in error to compensation for the services alleged to have been contracted for and fully performed had become fixed and absolute by such performance of their duty to their employer, and by the execution of a valid, binding and enforceable contract of sale by plaintiff in error and the purchaser, and such contract is here pleaded by defendant below himself. It was the duty of the plaintiff in error to have communicated to his brokers his title to the land he desired to

sell, at the time of making the contract of employment with them; and, not having done so, he impliedly assumed an obligation to convey good title, and Randol and Nix, his brokers, were entitled to assume, on their part, that this would be done; and where, as in this case, the customer's refusal to complete the transaction is due to the fact that the employers' title is defective, the broker is still entitled to his commission, inasmuch as the failure to consummate the sale is directly attributable to the default of the broker's employer. *Hammond v. Crawford,* 66 Fed. 425; *Phelps v. Prusch,* 83 Cal. 626; *Davis v. Lawrence,* 52 Kans. 383; *Stange v. Gosse,* 110 Mich. 153.

When defendants in error had fully performed their undertaking by producing a person ready, willing and able to purchase their employer's property, at the price and upon the terms stipulated, and Yoder, the land owner, had accepted the purchaser so procured, and entered into a binding and enforceable contract with him, the brokers then become entitled to their commission, and their right thereto was not defeated by the fact that the purchaser refused to complete the transaction because of the defect shown by the abstract furnished by the land owner. The authorities above cited are in point here.

A reply was filed by the plaintiffs below to the answer, which affected but little the question raised by the motion for judgment on the pleadings, and serves merely to strengthen the position of defendants in error.

For the reasons above given, the judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not siting; all the other Justices concurring.