Kunkle, J.
This is an action to recover a broker’s commission. The case was submitted to the lower court upon a demurrer to plaintiff’s petition. The demurrer was sustained and final judg *455 ment rendered. From such judgment plaintiff in. error prosecutes error to this court.
The petition alleges that on or about May 1, 1918, the plaintiff, Thomas C. Jamison, entered into a contract, not in writing, with the defendant, Richard A. Harrison, Jr., by the terms of which plaintiff agreed to procure for defendant a purchaser who would be ready, willing and able to pay at the rate of $175 per acre for certain real estate in which defendant had an undivided one-fourth interest, which real estate is described by metes and bounds.
The petition further states the defendant agreed to pay plaintiff for his services in procuring such purchaser the sum of $2,115.75, said sum being three per cent, of said sale price of the farm; that on or about June 15, 1918, the plaintiff procured a purchaser for said farm, who was ready, willing and able to buy the same and to pay therefor at the rate of $175 per acre; but that the defendant, upon being notified by plaintiff that such a purchaser had been procured, failed, neglected and refused to contract with said purchaser for the sale of said farm or to cause the same to be sold or conveyed to him for said consideration.
Plaintiff therefore asked judgment in the sum of $2,115.75.
This case must be determined from the particular contract alleged to have been entered into by the said parties.
The plaintiff agreed “to procure for defendant a purchaser who would be ready, willing and able to- *456 buy at the rate of. $175 per acre the real estate in question.”
The petition alleges that the plaintiff “did procure a purchaser for the said farm who was ready, willing and able to buy the same and to pay therefor at the rate of $175 per acre.”
It is in effect admitted that the averments of the petition were sufficient to charge the defendant with liability if the defendant had been the sole owner of the real estate in question.
It is contended, however, by defendant that plaintiff is not entitled to recover -because the plaintiff knew that the defendant was not the soie owner of the property, but owned only a one-fourth interest therein, and because it does not affirmatively appear from the petition that the defendant was authorized by his co-tenants to employ the plaintiff as a broker to find a purchaser for the entire property in question and to complete a sale in the event such purchaser was secured.
Counsel for defendant in error, among other authorities, cites 1 Mechem on Agency (2 ed.), Secs. 183, 186 and 255, and quotes therefrom as follows:
“Where several persons having common interests desire to be represented by an agent, it is, in general, -true that one of such persons has no implied power to appoint an agent for all and that all must unite in making the appointment. Each may appoint for himself or all unitedly may appoint for all, but one has no implied power to appoint for another or for all.
“In the case of co-tenants, * * * ' there is no implied authority in each to act for all so as to bind *457 them personally, and the act of one, or the appointment of an agent by one will, therefore; bind that one only.
“In the first place, it is to be recalled that, except in the few cases already referred to wherein the law confers authority, the law itself makes no presumption of agency; it is always a fact to be proved; and the person who alleges it has the burden of proving it by a preponderance of the evidence.”
We. think the above 'citations would apply in a case where the contract was sought to be enforced against third persons, but would have no application in the present case where the plaintiff does not seek to hold any one except the person with whom he made the contract.
We think it is well established that where a party employs a real estate broker to find a purchaser for certain real estate upon certain terms, and the broker secures such a purchaser, and the sale is not completed because of the fault or inability of the party so contracting with the broker, then the broker would be entitled to recover. This doctrine is applied in cases such as where the party so contracting with the broker does not own the property or where there is a defect in title. Tanenbaum v. Boehm, 202 N. Y., 293, 95 N. E. Rep., 708; Davidson v. Stocky, 202 Id., 423, 95 Id., 753; 19 Cyc., 246 et seq.; 4 Ruling Case Law, p. 312, Sec. 51, and Knapp v. Wallace, 41 N. Y., 477.
The broker has a right to rely upon the presumption that the party contracting with him has the ability to perform the contract and furnish a title to the prospective purchaser.
*458 This rule is well stated in the case of Arnold v. National Bank of Waupaca, 126 Wis., 362, 368, 105 N. W. Rep., 828, 3 L. R. A., N. S., 580, as follows:
“It is entirely clear, as already stated, that, if an individual employs an agent to find a customer for certain lands, he 'becomes liable for the agreed compensation whether he owns them or not, although he may have acted on the mistaken supposition that he has title. He impliedly íepresents that he a oes own them.”
See also Yoder v. Randol, 16 Okla., 308, 83 Pac. Rep., 537, 3 L. R. A., N. S., 576.
In the case of Martin v. Ede, 103 Cal., 157, 37 Pac. Rep., 199, the following rule is announced in the syllabus, viz.:
“Under a written authority to a real estate broker to obtain a purchaser for land at a stated sum, within a specified period, for an agreed commission, in order to entitle the broker to recover the commissions agreed upon it is only necessary to show that, in pursuance of his employment, and within the time specified therein, he found a purchaser ready and willing to purchase the property upon the terms specified in the authorization.
“A real estate broker has nothing to do with the title or ownership of the property, and his knowledge as-to the title, or the equitable estate of a third person therein, is of no consequence; and his right to the compensation contracted for does not .in any way depend on the validity or invalidity of .'the defendant’s title to the property.” '
The judge, in announcing the opinion of the court, says at page 160: '.....: •
*459 “To entitle plaintiff to recover his commissions under the agreement, it' was only necessary to show that in pursuance of his employment, and within the time specified therein, he found a purchaser ready and willing to purchase the property on the terms specified in the authorization. This he did beyond dispute.
“With the title or ownership of the property he had nothing to do, and his knowledge as to the title or the equitable estate of Josephine Cory therein was of no consequence. These were questions for the defendant to determine when he made the agreement.
“It is a matter of common knowledge that, in the business world, men do frequently obtain what are termed options upon real property — that is to say, the right to purchase, and then employ brokers to negotiate a sale at an enhanced price, the title being all the while in others.
“Brokers sell tons of wheat for future delivery on account of principals who do not or may not own a kernel of that commodity; yet in the absence of law prohibiting such sales they are entitled to their commissions, and knowledge of the non-ownership of their principals does not defeat their right to recover.
“A may possess such knowledge as justifies him in his judgment in contracting to sell, or in contracting with a broker to sell for him or to find a purchaser for property which he does not own. If he does so, without so guarding his agreement as to save himself, in case of failure to secure title to the thing he has authorized to be sold, he can not *460 be heard to complain of the result of his own folly or lack of foresight.
“If A is employed by B to labor at a monthly stipend upon land which they both know B does not own, and the services are performed in consonance-with the contract, a recovery can not be defeated by such knowledge of the part of A.”
If the correct rule in such cases does not favor the 'broker to the extent. announced in the above case, nevertheless it does not appear from the petition in the case at bar that plaintiff had knowledge that the defendant would be unable to convey or secure the conveyance of the property in question to the prospective purchaser.
It does appear from the petition that the plaintiff knew that the defendant merely owned a one-fourth interest, but nevertheless we think the plaintiff had a right to assume that the defendant had or would secure such authority from his cotenants as would enable him to carry out the provisions of the contract which he had made with the plaintiff, and we also think the plaintiff had a right to act upon the assumption that the defendant had or would secure from his cotenants authority to carry out the contract if a purchaser was secured upon the terms specified in the contract.
There are some cases which hold that where a broker has knowledge of defective title, and the sale is defeated because of such defect, the broker can not recover, but without' expressing any opinion upon that question, we think the same would be a matter of defense. Yoder v. Randol, supra.
We 'have carefully considered the authorities cited and have also examined a number of addi *461 tional authorities relating to the subject of brokers’ commission,’ but as there is such a difference in the terms of employment many of the cases so examined are of no especial benefit in determining the rights of the parties in the case at bar.
We think the plaintiff has stated a cause of action in his petition and that the demurrer should have been overruled.
The judgment of the lower court will therefore be reversed and the cause remanded.

Judgment reversed, and cause remanded.

Allread and Ferneding, JJ., concur.