## MONZINGO v. BOWERS.

No. 18870. Opinion Filed March 5, 1929.

David Bucher and Ernest F. Smith, for plaintiff in error.

John Butler, for defendant in error.

JEFFREY, C. E. R. Monzingo, as plaintiff, brought this action against Edna Bowers, as defendant, to recover the sum of $300, alleged to be due plaintiff as a real estate broker's commission. Defendant denied generally the allegations of the plaintiff's petition. A trial was had to the court without a jury, and at the conclusion of plaintiff's evidence, the court sustained defendant's demurrer thereto, and dismissed the cause.

Plaintiff has appealed, and presents only one objection to the judgment of the court, that is, that the court erred in sustaining defendant's demurrer to plaintiff's evidence.

Plaintiff established that he was engaged in the real estate business in Fairview, Major county, Okla.; that defendant spoke to him on numerous occasions about selling a farm in Major county, and that on March 2, 1926, defendant specifically employed plaintiff by letter to sell said farm. The letter was offered in evidence, and gives the price asked, some of the terms upon which she was willing to sell, and offered to pay a commission of $200, together with an additional $100 if plaintiff would sell the farm by June 1, 1926. Plaintiff thereupon advertised said farm for sale and interviewed a number of people with a view of securing a buyer. He interviewed one L. B. Reese, who considered the offer favorably. Plaintiff arranged a meeting between defendant and Reese at Enid, Okla., and after the meeting sometime in April, defendant advised plaintiff that she and Reese had agreed on the terms of sale and exchange, and so far as she knew the deal would be completed sometime in the future. Plaintiff and Reese also testified in response to direct questions that Reese was ready, willing, and able to complete the trade on defendant's terms sometime during the month of April, 1926. Plaintiff's petition, as well as his evidence, discloses that defendant owned only an undivided one-third interest in the farm, and that another one-third interest in the farm belonged to defendant's minor child. Defendant was guardian of this minor child. Plaintiff further testified that at the time he was employed to sell the farm he knew that one of the heirs interested in the farm was a minor, but that he did not know that any interest therein would have to be sold with the consent and approval of the probate court, where the guardianship case was pending. The evidence shows that during the progress of negotiations between and among plaintiff, defendant, and Reese, plaintiff knew and was informed that the sale of the minor's interest would have to be conducted through the probate court, and the sale made to the highest bidder. The evidence also shows that plaintiff knew that a proceeding was pending in the proper probate court for the sale of the minor's interest in the land prior to June 1, 1926. The trade not having been closed, plaintiff and Reese on June 1, 1926, went to Winfield, Kan., where defendant lived, to discuss the matter with her. Plaintiff testified that it was agreed at that meeting that defendant would file a bid for Reese on the minor's interest with the probate court in the sale proceeding. At that time a contract in writing was executed for the completion of the sale to Reese by July 1, 1926. That contract was not offered in evidence and very little of its contents were related by the witnesses. Reese testified that the original agreement was that the trade would be completed as soon as the probate court would give defendant permission to sell; that no particular time was specified for completing the trade for the reason that they knew the sale was being made, subject to the order of the probate court. Reese then testified that he never made any bid through the probate court for the minor's interest, and that no sale of this interest was made, and that on July 1st, good and complete title not having been conveyed by plaintiff to him, he abandoned the trade and refused to consider it further. He also testified that defendant wrote him a letter about July 5, 1926, in which she requested him to file his bid in the guardian's sale of the one-third interest, but that he refused to do so. There was considerable other testimony with reference to negotiations had, but we think the foregoing covers the material portions thereof pertinent to the question here involved.

Knowledge on the part of plaintiff that a part of the title to the land to be sold was vested in a minor heir charged him with notice that that part of the title could not be conveyed to the prospective purchaser without the permission and approval of the probate court, having jurisdiction of the minor's estate. From an examination of the whole record, it appears quite plain that the condition of the title to the land was understood by all parties, and that plaintiff knew that defendant, by voluntary conveyance, could not vest in the purchaser full and complete title to the land. It appears from the record that defendant had nothing more in mind than to employ plaintiff to line up some prospective purchasers with the understanding that a prospective purchaser would have to bid at a court sale, either public or private, for the minor's interest in the land. From plaintiff's evidence, we are of the opinion that the parties' minds never met on any other terms.

The general rule is that a broker employed to assist in the sale of property has performed his entire duty when he finds and introduces, or reports to his employer, a person who is ready, willing, and able to purchase at the price and upon the terms which the employer has designated. But this rule is frequently abridged or extended by the terms of the contract of employment, and should be so applied in any specific case. Yoder v. Randol and Nix, 16 Okla. 308, 83 Pac. 537.

It is contended by plaintiff that where one employs a broker to sell real estate, it is no defense to an action, brought by his broker to recover a commission for negotiating a sale, that the principal does not hold title to the land, or that his title is imperfect. In support of this proposition, he cites Gorman v. Hargis, 6 Okla. 360, 50 Pac. 92. In that case the court, in passing upon an objection to an instruction given by the trial court, qualifiedly so held. The instruction was to the effect that one who employs a broker to sell real estate, without giving said broker any information that the title is defective or not vested in the employer, is presumed by law to have a good and sufficient title to such property; and, that if the broker procured a purchaser who was ready, able, and willing to buy the property at the price listed, then, and in that event, the broker was entitled to his commission. The court approved this instruction. Apparently this court has never extended the rule beyond that stated in the Gorman Case, and we are of the opinion that that case is not applicable to the facts in the case at bar. Neither is the case of Sturgeon v. Culver (Kan.) 124 Pac. 419, controlling of the present case. On this question it is stated in 9 C. J. 629:

"It is essential to the broker's right to commissions in such cases that he himself is not at fault, and that he does not know of the defect at the time of finding the customer; but it has been held that 'he is under no implied obligation to find out whether the owner actually has the title which he claims.'"

In the case of Willson v. Crawford (Tex. Civ. App.) 130 S. W. 227, it was held that where brokers undertook to sell land, having knowledge of the existence of an outstanding lease, it was their duty to disclose the fact to their prospective purchaser, and if the sale failed by reason of their failure so to do, they could not recover commissions as for a completed sale. To the same effect are the cases of Montgomery v. Amsler, 57 Tex. Civ. App. 216, 122 S. W. 307, and Corbin v. Mechanics,' etc., Bank, 121 App. Div. 744, 106 N. Y. S. 573.

Reese testified that he was neither ready nor willing to purchase the land in question without obtaining a good and complete title to the whole of the tract, and for the reason that no such title was ever perfected he abandoned the transaction and refused to further consider buying the land. It could not be said that plaintiff, knowing the facts about the land, produced a prospective purchaser who was ready, willing, and able to buy, so that he would be entitled to recover his commission as for a completed sale.

We conclude, therefore, that the court did not err in sustaining the demurrer to plaintiff's evidence. The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) anno. 43 L. R. A. 613 et seq.; 3 L. R. A. (N. S.) 577; 24 L. R. A. (N. S.) 1184; L. R. A. 1915E, 714; 4 R. C. L. p. 313; 1 R. C. L. Supp. p. 1115; 4 R. C. L. Supp. 263; 5 R. C. L. Supp. p. 238; 6 R. C. L. Supp. p. 249.