RICHARDSON v. HILL.

No. 31878. Nov. 20, 1945.

163 P. 2d 528.

Ernest Richards, of Oklahoma City, for plaintiff in error.

A. E. Pearson, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action brought in the justice of the peace court in Oklahoma City by Luther Hill against L. E. Richardson to recover a commission for the sale of real estate. After judgment in the justice court the case was appealed to the court of common pleas. The trial in that court resulted in a verdict and judgment in favor of plaintiff.

Defendant has appealed and relies for reversal mainly on the ground that the evidence was insufficient to support the verdict and judgment. It is contended that plaintiff failed to prove that he procured a purchaser who was ready, willing, and able to buy under the terms and conditions stated in the contract of sale and that he is therefore not entitled to a commission.

The evidence discloses that defendant listed with plaintiff certain property located in Oklahoma City for sale and agreed to pay him the regular commission of 5 per cent. The property was listed for sale at a price of $4,000 to be paid $1,500 in cash and the balance by the assumption of a mortgage then existing against the property.

Plaintiff procured a purchaser, Floyd Pickett, who was ready and able to buy under the terms and conditions stated and presented him to defendant. Mr. Pickett and defendant then entered into a written contract of sale which, among other things, provided that Mr. Pickett agreed to purchase and defendant agreed to sell the property for the sum of $4,000 to be paid as follows: $1,500 cash and the assumption of a mortgage then existing against the property. The contract further provided that the purchaser was to close the deal within 15 days after title was approved.

Mr. Pickett testified that he paid defendant $100 on the contract the day it was signed, and that in less than 15 days after the title was approved he offered to pay and tendered to defendant the sum of $1,400, the balance of the cash payment due under the contract, and agreed to assume the mortgage; that defendant refused to accept the payment and convey the property. This evidence is undisputed. The evidence, however, further discloses that the defendant demanded as a condition for completing the sale that the mortgage against the property be released and discharged, and that he be released from the entire debt and obligation thereby created. Mr. Pickett, in order to comply with this demand, then contacted a local building and loan association for the purpose of negotiating a loan in order to discharge the mort-

gage. On the 15th day after approval of the title, and on the last day provided by the contract for completing the purchase, Mr. Pickett again appeared at the loan office for the purpose of closing the loan. His wife at that time was absent from the city and the loan company refused to close the loan in the absence of the signature of his wife to the mortgage. The loan was therefore not closed on that date. Defendant thereafter upon demand again refused to complete the sale and convey the property on the theory that Mr. Pickett failed to complete the purchase within the time mentioned in the contract and that he was thereby released from any further obligation thereunder. Mr. Pickett then brought an action against him for specific performance of the contract, which action was still pending at the time this action was tried. Defendant now contends that plaintiff is not entitled to a commission for the reason that he failed to procure a purchaser who was able to buy under the terms and conditions stated in the contract of sale. This contention is clearly untenable. Plaintiff performed all the terms and conditions of his contract with defendant. He procured a purchaser acceptable to defendant who was ready and able to buy under the terms and conditions specified in the listing. He is therefore entitled to his commission notwithstanding defendant for the reasons stated refused to complete the sale. McKemie v. Cochran, 170 Okla. 17, 38 P. 2d 566, and cases therein cited.

Payment was also urged as a defense and raised as an issue in the case. Defendant requested a special instruction covering such issue which was refused. This ruling is also assigned as error. We deem it unnecessary to enter into an extended discussion of this assignment. It is sufficient to say that this theory of the defense was sufficiently covered by the trial court in its general instructions to the jury. There was therefore no error in refusing the requested instruction.

The judgment is affirmed.

GIBSON, C. J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.